UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

***Electronically Filed***

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* ROBERT C. O'LAUGHLIN, M.D.<br><br>PLAINTIFFS,<br><br>v.<br><br>RADIATION THERAPY SERVICES, P.S.C. dba ASHLAND BELLEFONTE CANCER CENTER, KIRTI K. JAIN, M.D., P.S.C., dba HIGHLANDS CANCER CENTER, A ONE BIZ SOLUTIONS, LLC, and KIRTI K. JAIN, M.D.<br><br>DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 0:16-cv-148-HRW |

**MEMORANDUM IN SUPPORT OF DEFENDANT A ONE BIZ'S MOTION TO DISMISS**

A One Biz is not quite sure why it is in the present litigation, and the Complaint does not offer any insight into what exactly it is alleged to have done to merit being a Defendant in an FCA case. The Relator has brought this litigation against a number of Cancer Center providers, purporting to allege that the Centers submitted false claims for services that did not meet reimbursement criteria. After investigating the allegations, the United States declined to intervene against all but one Cancer Center, located in West Virginia. Relator has also named A One Biz, but the Complaint merely alleges that A One Biz is the billing company that is used by the co-Defendants. To the extent that the Complaint actually alleges an actionable scheme against any of the Defendants in this matter,[1] there are no plausible, factual allegations in the Complaint that A

[1] Only Ashland Bellefonte Cancer Center, Highlands Cancer Center, Kirti Jain, M.D., and A One Biz remain as Defendants in this action. These remaining Defendants maintain that the Complaint fails to plead a sufficient claim

One Biz engaged in any conduct that would constitute a violation of the FCA. Instead, the Complaint merely names A One Biz and thereafter groups all Defendants together with threadbare recitals of the FCA supported by conclusory statements of liability. This pleading strategy is insufficient under FRCP 12(b)(6) and 9(b) and therefore this action must be dismissed against A One Biz.

**ALLEGATIONS OF THE COMPLAINT**

The Relator in this case filed this *qui tam* Complaint on December 7, 2016—fourteen months after he resigned from the employ of the Cancer Center Defendants. On August 12, 2019, the United States declined to intervene in this action against Highlands Cancer Center, Ashland Bellefonte Cancer Center, Kirti Jain, M.D., and A One Biz and thereafter requested that this Court unseal the Complaint. The Complaint contains numerous allegations that attempt to depict a scheme devised by the Defendants to defraud the government and its various payors for healthcare services. Conspicuously absent from Relator's Complaint, however, are facts detailing A One Biz's involvement in, or even basic knowledge of, the alleged acts of fraud. In fact, in Counts II, IV, and VI of the Complaint, A One Biz is not mentioned at all.[2] Each allegation is detailed in turn below.

Firstly, the Complaint alleges that A One Biz is an LLC located in Florida, whose primary business is as a billing service for medical services providers. (DN 1 at ¶13). The Complaint alleges that A One Biz served as a billing service for several medical service providers, including Logan, Ashland Bellefonte, and Highlands Cancer Centers. (*Id.*) The Complaint thereafter groups

---

against them and a Motion to Dismiss all Defendants remaining in this action is being filed simultaneous to this Motion.

[2] In each of these Counts, the Relator does incorporate by reference allegations made earlier in the Complaint.

A One Biz with the remaining co-Defendants, pleading allegations collectively against "the Defendants." (DN 1 at ¶36).

Counts I and II

The Relator initially alleges the Defendants submitted false claims regarding patients "supposedly" treated by the Relator himself. In Count I, which the Relator has dubbed the "false O'Laughlin claims," the Realtor alleges:

> Beginning on or about July 2, 2012 and continuing until an unknown date after October, 2015 ("First Relevant Period"), the Defendants Radiation Therapy Services, P.S.C. (dba Ashland Bellefonte Cancer Center), Kirti K. Jain, M.D., P.S.C. (dba Highlands Cancer Center), Logan Oncology Care Associates, LLC (dba Regional Cancer Center), A One Biz Solutions, LLC, and Kirti K. Jain, M.D. (hereinafter, collectively, the "Defendants"), knowingly and willfully presented and caused to be presented for payment or approval false and fraudulent claims to federally-funded federal health care programs, including the Medicare, Medicaid, Railroad Medicare, and TRICARE programs (the "Federal Programs").

(DN 1 at ¶36). More specifically, the Relator alleges that "*the Defendants*" "stated that Dr. O'Laughlin provided, or supervised, the radiation oncology billed in these claims, whereas in truth and in fact . . . Dr. O'Laughlin did not provide these services . . . [he] did not supervise these services . . . [and] the provision of these services was not delegated to a qualified radiation oncologist." (DN 1 at ¶38). Relator, from the outset, named A One Biz as a party, defined them, and immediately lumped A One Biz with the rest of the Defendant Parties, grouping them, collectively, as "the Defendants." Beyond this, Relator pleads no additional allegations that would articulate an FCA claim against A One Biz. The only allegation under Count I that pleads specific acts of A One Biz appears in Paragraph 64, which alleges: "Each claim presented to a Contractor on behalf of each the Defendants was prepared by or under the direction of Gitika Bafna or Manish Jain, or both, of A One Biz ***in Miramar, Florida,*** and presented by A One Biz electronically or by U.S. Mail to the Contractor providing insurance or benefits for the patient who received the

services identified on the claim." (DN 1 at ¶64). In other words, the Relator states the obvious: A One Biz, a billing company, entered information received from a remote location and created bills. Paragraph 64 or Count I, generally, plead no facts to support a plausible claim that A One Biz had knowingly engaged in any scheme to defraud when it presented bills on behalf of other providers.

Relator next alleges, in Count II of the Complaint, that the collective "*Defendants*" made false statements in relation to the "false O'Laughlin claims" under 31 U.S.C. §3729(a)(1)(B). The Relator does not mention A One Biz at all within this cause of action. Moreover, the Complaint affirmatively indicates that A One Biz, which is located in Miramar Florida, took no part in preparing such statements. Instead, the Relator pleads that the statements at issue were prepared by "Dr. K. Jain" and "the administrative personnel within the facility where each patient had received the services for which the claims were presented." (DN 1 at ¶72). These facilities are located in Kentucky, (DN 1 at ¶¶7, 9), with the exception of Logan Cancer Center, which is in West Virginia (DN 1 at ¶11). The Complaint does not allege that A One Biz, from its post in Miramar, Florida, obtained any knowledge of the purported falsity of claims as alleged in Count II. And in this instance, the Relator does not even suggest that A One Biz had any involvement in preparing the "statements" at issue.

<u>Counts III and IV</u>

Next, Relator (again collectively) alleges that "*the Defendants* presented claims to the Federal Programs for radiation oncology services supposedly provided to patients by physicians who were, in fact, not present in the facilities where these services were supposedly rendered (the "Absent Physician claims")." (DN 1 at ¶ 77). This claim pertains to services allegedly provided to four patients labeled in the Complaint as Patient P-10, Patient P-12, Patient P-14, and Patient P-15. (DN 1 at ¶¶ 82, 86, 90, and 94). Again, the Relator makes no allegations of specific acts

regarding A One Biz other than: "Each such claim was prepared by Gitika Bafna or Minish Jain, or both, of A One Biz in Miramar, Florida, and presented by A One Biz electronically or by U.S. mail to the Contractor providing insurance or benefits for the patient who received the services identified on the claim." (DN 1 at ¶ 99). And again, neither Paragraph 99 nor Count III pleads facts sufficient to state a plausible claim that A One Biz engaged in conduct that violated the FCA. It appears, again, that according to the allegations of the Complaint, that A One Biz only did its job as a billing company.

Count IV alleges that the collective *Defendants* made false statements in relation to the "Absent Physician claims" under 31 U.S.C. §3729(a)(1)(B). Yet again, the Relator does not mention A One Biz at all within this cause of action. Also once again, the Complaint affirmatively indicates that A One Biz (located in Miramar Florida) took no part in preparing such statements. Recycling the language pleaded throughout the Complaint, the Relator alleges that the statements at issue were in fact prepared by "Dr. K. Jain" and "the administrative personnel within the facility where each patient had received the services for which the claims were presented." (DN 1 at ¶107). All such facilities are located in Kentucky or West Virginia. The Complaint once again does not specifically allege any facts that would state a plausible claim that A One Biz, from its post in Miramar, engaged in conduct that violated the FCA.

<u>Counts V and VI</u>

The Relator next alleges, in Count V that the *Defendants* (collectively) "presented claims to the Federal Programs, stating and otherwise representing that services included in these claims had been provided to patients by physicians, whereas, in truth and in fact, such services had been provided by [physician's assistants or nurse practitioners, or "NPPs"] and not by physicians (the "NPP claims")." (DN 1 at ¶113). This claim pertains to services allegedly provided to four patients

labeled in the Complaint as Patient P-10, Patient P-14, Patient P-15, and Patient P-20. (DN 1 at ¶¶ 118, 125, 132, and 139). Once again, the only specific acts of A One Biz that Relator pleads in Count V appear in Paragraph 148, which alleges: "Each claim presented to a Contractor on behalf of each the Defendants was prepared by or under the direction of Gitika Bafna or Manish Jain, or both, of A One Biz ***in Miramar, Florida,*** and presented by A One Biz electronically or by U.S. Mail to the Contractor providing insurance or benefits for the patient who received the services identified on the claim." (DN 1 at ¶ 148). Neither Paragraph 148, nor any allegations in Count V of the Complaint for that matter, plead that A One Biz violated the FCA. Again, the Complaint merely alleges that A One Biz was only doing its job as a billing company, and nothing more.

In Count VI of the Complaint, Relator alleges that the collective *Defendants* made false statements in relation to the "NPP claims" under 31 U.S.C. §3729(a)(1)(B). As is the pattern throughout the Complaint, the Relator does not mention A One Biz at all in relation to this cause of action. And again for the third time, the Complaint affirmatively indicates that A One Biz, located in Miramar, Florida, took no part in preparing such statements. The Relator re-asserts that the statements at issue were prepared by "Dr. K. Jain" and "the administrative personnel within the facility where each patient had received the services for which the claims were presented." (DN 1 at ¶ 156). Again, it was already pleaded that all such facilities are located in Kentucky or West Virginia. The Complaint does not allege that A One Biz, from its post in Miramar, engaged in any conduct that would violate the FCA, but merely pleads facts consistent with A One Biz operating as a billing company.

<u>Count VII</u>

Relator pleads that the collective "*Defendants*" falsely "presented claims to the Federal Programs for radiation oncology services, specifically for simple and complex simulations of the

delivery of radiation to a diseased area of the body, supposedly provided to patients by the physicians (the "Simulation claims.")." (DN 1 at ¶161). The Complaint's only mention of A One Biz in this allegation is the Relator's now-boilerplate statement that "[e]ach such claim was prepared by Gitika Bafna or Manish Jain, or both, of A One Biz in Miramar, Florida, and presented by A One Biz electronically or by U.S. Mail to the Contractor providing insurance or benefits for the patient who received the services identified on the claim." (DN 1 at ¶175). Like all the allegations in the Complaint, Count VII lumps A One Biz with the other Defendants despite not alleging that A One Biz was even cognizant of the purportedly fraudulent scheme.

<u>Count VIII</u>

The Relator's final claim, where the Relator pleads that "the (again, collective) *Defendants*" conspired to defraud the government pursuant to §3729(a)(1)(C)—is perhaps the least specific of all his allegations. The Complaint states:

> During the period beginning in or on an unknown dated [*sic*] prior to July, 2012, and continuing until an unknown date after October, 2015, the Defendants Radiation Therapy Services, P.S.C. (dba Ashland Bellefonte Cancer Center), Kirti K. Jain, M.D., P.S.C. (dba Highlands Cancer Center), Logan Oncology Care Associates, LLC (dba Regional Cancer Center), A One Biz Solutions, LLC, and Kirti K. Jain, M.D. (hereinafter, collectively, the "Defendants"), conspired and agreed together to defraud the Government by getting false or fraudulent claims approved or paid; and by making or using false or fraudulent statements and records material to false or fraudulent claims.

(DN 1 at ¶180). Effectively, this allegation details the extent of the Relator's entire conspiracy theory. This is so because the Relator provides no information whatsoever about any of the named Defendants to support this alleged conspiracy. The Complaint does not plead a single act of any person—not one writing, conversation, email correspondence, handshake, or head nod—that would signify some sort of agreement requisite to the finding of a fraudulent conspiracy. And the

Complaint certainly makes no attempt to plausibly plead the billing company's role in this conspiracy.

It is obvious by the plain language of these allegations that the Relator has failed to plead in his *qui tam* Complaint a single act, state of mind, fact, or circumstance that would support his rubber-stamped allegation that A One Biz "knowingly and willfully" presented false claims in furtherance of this purported conspiracy or any alleged violations of the FCA. Rule 9(b) of the Federal Rules of Civil Procedure requires a Relator to plead such fraudulent intent or else he cannot make out a cause of action under 31 U.S.C. §3729. Indeed, the Relator merely contends that A One Biz prepared billing statements for presentment to contractors providing insurance or benefits to patients who received the services identified on respective claims. (DN 1 at ¶¶64, 66, 99, 101, 148, 150, 175, 177, 183). The Relator does not offer a scintilla of information explaining how A One Biz's routine execution of its job duties, without more, constitutes fraud. In fact, the Relator does not posit that A One Biz in its individual capacity was even aware of any alleged fraudulent scheme described in the Complaint. Rather, in hopes that this Court will do the legwork for him, the Relator lumps A One Biz into a group of Defendants who collectively share an unexplained fraudulent intent to execute an ostensibly fraudulent scheme by means to be revealed after discovery. Devoid of any particularity, the Relator's threadbare allegations fail the enhanced pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure. To this end, it is no surprise that the Government declined to intervene in this matter after its investigation. Because the Complaint as it relates to A One Biz fails to articulate with sufficient particularity all of the requisite elements to satisfy a violation of the FCA, it must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

## ARGUMENT

To survive a motion to dismiss, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* It remains true, of course, that the function of the court in ruling on a motion to dismiss is not to weigh the evidence or to assess the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court should determine "whether a complaint states a plausible claim for relief." *Iqbal*, 556 U.S. at 679. While the court must construe the complaint in the light most favorable to the plaintiff and, for the purposes of the motion, accept all factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). As such, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. This Court has dismissed cases because of a plaintiff's failure to plead specific facts to support its claims. *See, e.g.*, *Stevens v. Saelinger*, No. 2:10-20-DCR, 2011 WL 350439, at *2 (E.D. Ky. Feb. 2, 2011) ("As the Supreme Court made clear in *Twombly*, simply alleging the existence of a conspiracy is not enough to state a § 1 claim"); *Fitch v. Kentucky State Police*, No. 3:10-49-DCR, 2010 WL 5090323, at *1 (E.D. Ky. Dec. 8, 2010) ("Fitch's complaint contains only a general allegation of failure to train"); *Midwest Agency Servs., Inc. v. JP Morgan Chase Bank, N.A.*, No. 2:09-165-DCR, 2010 WL 935450, at *9 (E.D. Ky. Mar. 11, 2010) (complaint failed "to allege the necessary facts to establish a prima facie case that the Defendants violated the Sherman Act by an unlawful tying arrangement").

Careful reading of this Complaint shows that the Relator has done little more than weave "threadbare recitals of the elements" of its purported cause of action with the loose strings of "mere

conclusory statements" in an attempt to articulate a claim against A One Biz. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). In the present case, the Relator has alleged only the "sheer possibility" that A One Biz acted unlawfully and have alleged no actual facts to support its contention. *Id.*

In the present instance, the Complaint pleads absolutely no facts that would tend to show any plausible claim against A One Biz, but instead merely includes that parties' names within the caption. The Complaint alleges that A One Biz is an LLC located in Florida, whose primary business is as a medical services provider. (DN 1 at ¶13). The Complaint does not allege that A One Biz in any way provides or otherwise performs any medical or clinic procedures to or for patients. The Complaint does not allege that A One Biz would in any way be responsible for supervision of chemotherapy, radiation therapy, or any other oncology services which make up the allegations of this case. The Complaint merely alleges that A One Biz served as the billing company for numerous medical providers, including the co-Defendants, Ashland Bellefonte, Logan, and Highlands Cancer Centers. (DN 1 at ¶13). Even if the allegations against A One Biz in the Complaint were true, they are not sufficient to state a claim against them for violation of the False Claims Act. The Complaint does not contain any allegations that would be commensurate with a theory that A One Biz knowingly presented or caused to be presented, a claim for payment that was false or fraudulent. *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007). The Complaint alleges no facts that would indicate that A One Biz had any hand in any fraudulent scheme or artifice. The Complaint merely alleges that A One Biz is the company that happened to submit claims for medical procedures performed by other providers. The FCA "penalizes a person for his own acts, not for the acts of someone else." *United States v.*

*Bornstein*, 423 U.S. 303, 312 (1976). The claims against A-One Biz are fatally defective and therefore must be dismissed.

As has been noted in a sister Circuit, "It is well established that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption." *Jimerson v. Harris*, 2:15-CV-178, 2018 WL 339230, at *2 (N.D. Ind. Jan. 5, 2018). Indeed, this Court has dismissed FCA actions against defendants for whom a controlling complaint achieves little more than "identifying [the defendant] as a party and asserting that he signed Medicare and Medicaid provider agreements and costs reports" and thereafter "barely mentions [the party's] name." *United States v. Villaspring Health Care Ctr., Inc.*, No. 3:11-43-DCR, 2011 WL 6337455, at *9 (E.D. Ky., Dec. 19, 2011). Such "threadbare pleading" is insufficient as it lacks the requisite "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as required by Federal pleading standards and *Iqbal*.

The Relator has done nothing more than name A One Biz as defendant in the case caption and thereafter state basic summary statements about the Company. According to *Jimerson*, 2018 WL 339230 at *2, such a mere inclusion of the Defendants' names in the caption is not sufficient to state a claim. As such, the Complaint has unmistakably failed to allege any wrongdoing against A One Biz. In *Jimerson,* the plaintiffs alleged that they were unaware of, and never received, settlement proceeds for the death of their mother because their appointed custodian exercised unauthorized control over the proceeds. *See* 2018 WL 339230, at *1. The settlement agreement called for payments to be made by Monumental Life Insurance Company ("Monumental") on behalf of three other parties. *See id.* Monumental moved to dismiss the amended complaint, alleging that no allegations were made against it. *See id.* The *Jimerson* Court granted Monumental's motion to dismiss because the plaintiffs' "sole allegation against Monumental is

that it was responsible for issuing the settlement payments." 2018 WL 339230, at *2. The *Jimerson* Court found that the plaintiffs' allegation, alone, did not state a claim for relief against Monumental and without an allegation of any wrongdoing by Monumental the motion to dismiss was granted. *See id.*

Like the *Jimerson* Court, this Court has similarly looked unfavorably upon plaintiffs who "kitchen sink" FCA defendants without the requisite factual pleading that would indicate a plausible claim of FCA liability. In *United States v. Villaspring Health Care Center, Inc.,* No. 3:11-43-DCR, 2011 WL 6337455 (E.D. Ky., Dec. 19, 2011), this Court dismissed FCA claims against Barry Bortz, a named defendant who was the Chief Executive Officer and majority shareholder of co-defendant Villaspring Healthcare Center. In doing so, this Court reasoned that the Complaint named Bortz by virtue of his stature as CEO and owner of Villaspring, but that beyond that, the Complaint merely lumped Bortz with Villaspring inasmuch as "the Complaint alleges that the Defendants have defrauded the United States and the Commonwealth of Kentucky by seeking, and receiving, substantial reimbursement from the Medicare and Kentucky Medicaid programs for care purportedly provided…despite knowing that such care was either non-existent or so inadequate as to be worthless." *Villaspring*, 2011 WL 6337455 at *1, (internal citations omitted). This Court found that this pleading strategy, which "barely mentions Bortz by name" before merely lumping him with other co-defendants did not satisfy pleading standards, recognizing that "even where an allegation as to Bortz can be assumed from a reference to the defendants as a group, the Complaint states only threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at *9 (internal citations omitted).

The facts are substantially similar in the case at bar, as, like *Villaspring* and *Jimerson*, Relator's Complaint does nothing more than provide general summary statements about A One

Biz without alleging any actual wrongdoing. The Complaint alleges that A One Biz, which is not even located in Kentucky, was the billing service that Ashland Bellefonte, Highlands, and Logan Cancer Centers used to submit claims. (DN 1 at ¶13). Thereafter, the Complaint merely groups A One Biz with all other co-Defendants, making generalized, threadbare, allegations and legal conclusions that "*the Defendants*," which would include A One Biz, "knowingly and willfully presented and caused to be presented for payment or approval false and fraudulent claims" to the government, or otherwise in violation of the FCA. (DN 1 at ¶¶36, 76, 101, 112). Other than alleging that A One Biz operated within its capacity as a billing agency (DN 1 at ¶¶64, 99), the Complaint fails to allege any elaborative facts to satisfy the plausibility requirements of *Iqbal*. Put succinctly, aside from threadbare legal conclusions, the Complaint contains no allegations of wrongdoing made specifically against A One Biz. Under *Villaspring*, this pleading is insufficient and dismissal is warranted.

These summary statements and legal conclusions against a-One Biz inherently fail to plead any possible claims, provide any iota of notice, or show any reason why the government is entitled to even the smallest relief against this Defendant. There is simply no "factual content that allows the court to draw the reasonable inference that [A-One Biz] is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. In order to satisfy an FCA claim, the government must satisfy three essential elements: (1) that the defendant made a statement in order to receive money from the government, (2) that the statement was false, and (3) the defendant knew it was false. *United States ex. rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007). The FCA requires a showing of a scheme to defraud; innocent mistakes or mere negligence are not actionable. *United States ex rel Durcholz v. FKW, Inc.*, 189 F. 3d 542, 544 (7th Cir. 1999).

Further, FCA claims are subjected to the heightened pleading standards of Rule 9(b). Fed. R. Civ. P. 9(b) mandates that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In fact, "[l]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *United States ex rel Howard v. Lockheed Martin Corp., et al.*, 499 F. Supp.2d 972, 976 (S.D. Ohio 2007) (*quoting Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n. 5(4th Cir. 1999). Rule 9(b) applies to claims brought under the False Claims Act. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). The Sixth Circuit has long held that in FCA cases, Rule 9(b) requires that a plaintiff "allege the time, place, and content of the alleged misrepresentation…[or] fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 504 (6th Cir. 2007). the plaintiff must plead specifically which claims it alleges are false. *Bledsoe*, 501 F.3d at 504. Rule 9(b) is designed to require a plaintiff to plead his complaint in such a way as "to alert the defendants 'to the precise misconduct with which they are charged and to protect defendants against spurious charges of immoral and fraudulent behavior.'" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (*quoting United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002). Merely alleging a "false scheme" is not sufficient to withstand Rule 9(b) scrutiny, as a plaintiff must identify specific false claims in order to sufficiently plead a violation of the False Claims Act. *Bledsoe*, 501 F.3d at 504. In this way, Rule 9(b) serves many important functions, among them discouraging "fishing expeditions and strike suits" filed by ambitious plaintiffs with the hopes of manufacturing a claim through the discovery process rather than alleging true factual assertions of wrongdoing. *Id.* at 510.

The Complaint does not plead the "who, what, when, where, and how" of fraud against A One Biz inasmuch as there is no allegation of what A One Biz is purported to have done illegally. The Complaint merely alleges that A One Biz is a billing company, and A One Biz acted as a billing company. There is no factual enhancement beyond the naming of A One Biz, followed by threadbare legal conclusions. The Complaint is clearly deficient under the notice-pleading requirements of Rule 8, much less the heightened pleading standards of Rule9(b). Moreover, pursuant to *Iqbal*, there is absolutely no plausible claim for relief and therefore the Complaint against A One Biz should be dismissed.

WHEREFORE, the Defendant respectfully requests the Motion to Dismiss the Complaint against A One Biz be GRANTED and the Complaint be DISMISSED,

Respectfully submitted,

*/s/ Christopher A. Melton*
Christopher A. Melton
cmelton@wyattfirm.com
Jake Eldemire Smith
jeldemiresmith@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street
Suite 2000
Louisville, Kentucky 40202
Telephone: 502.589.5235

*Counsel for Defendant A One Biz*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Andrew Grosso, Esq.
Andrew Grosso & Associates
1101 Thirtieth Street, NW
Suite 500
Washington, D.C. 20007

*_/s/ Christopher A. Melton_*
Christopher A. Melton

61898044.1