**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**Ashland Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **ROBERT C. O'LAUGHLIN, M.D.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**RADIATION THERAPY SERVICES, P.S.C., dba ASHLAND BELLEFONTE CANCER CENTER, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. 0:16-CV-148-DLB** |

**SUR-REPLY OF RELATOR ROBERT O'LAUGHLIN, M.D. IN SUPPORT OF HIS OPPOSITION TO THE JOINT MOTION OF THE DEFENDANTS TO DISMISS THE AMENDED COMPLAINT**

Robert C. O'Laughlin, M.D. ("Dr. O'Laughlin"), the Plaintiff and Relator in this matter, acting through his undersigned attorney, submits this Sur-Reply in support of his Opposition to the Joint Motion of the Defendants to Dismiss the Amended Complaint ("Opposition," Dkt. 66).

The Defendants argue that 42 U.S.C. § 1395x(s)(4) establishes a "separate benefits category" for X-ray therapy, thereby taking such procedures out of the definition of 42 CFR § 410.26(a)(8) for supplies and services eligible for "incident to treatment" consideration. (Reply at 8). However, this provision *does no such thing:* it does not identify *benefit categories*, but merely *defines services*. Indeed, 42 U.S.C. § 1395x(s) begins with the following phrase: "The term 'medical and other health services' means any of the following items or services . . . ."

Benefit categories are found elsewhere in the Act, specifically in 42 U.S.C. § 1395k. This statute addresses the provision of benefits to an individual, made on his or her behalf, for items including:

(a)(2)(B) medical and other health services[1] (other than items described in subparagraph (G)[2] or subparagraph (I)[3]) furnished by a provider of services or by others under arrangement with them made by a provider of services, excluding—

(i) physician services except where furnished by—
(I) a resident or intern of a hospital, or
(II) a physician to a patient in a hospital which has a teaching program . . . .

In other words (and parsing the double negative), X-ray therapy provided in a *non-hospital facility*, such as the Defendants' clinics, do not have a separate benefits category: where delegated by a qualified physician to a radiation technician, X-Ray therapy qualifies as an "incident to service." The same is true for the services of a radiation physicist. *Medicare Benefits Policy Manual* Ch. 15, §90 ¶ 4. Further, when performed by physician, X-Ray services are "physician services." 42 C.F.R. § 414.2(5). But when performed by a technician or physicist, a physician's mere supervision is not reimbursable separately from the "incident to" service.[4]

We note that 42 U.S.C. §§ 1395u(a)(1) also discusses medical and other health services. But, again, none of the four categories identified therein as "exceptions" include X-ray therapy in free standing facilities.[5]

Significantly, the Defendants' argument ignores services billed under the Medicaid program, which is also a victim of the fraud alleged in the Amended Complaint and is subject to *state* as well as federal requirements—including the Kentucky statues and regulations cited in Dr. O'Laughlin's Opposition that <u>incorporate</u> the referenced standards.

---

[1] The definition of the term "medical and other health services" as used in this section is the same definition as found in 42 U.S.C. § 1395x(s). See 42 U.S.C. § 1395k(b).

[2] Durable medical equipment.

[3] Prosthetic devices and orthotic.

[4] See Opposition at 7-8; see also *Medicare Benefits Policy Manual* Ch. 15, §90 ¶ 2.

[5] The four categories there identified are (1) those already discussed, being part of 42 U.S.C. § 1395k(a)(2)(B); (2) rural health clinic services and federally qualified health center services, 42 U.S.C. § 1395u(a)(2)(D); (3) certain items and services provided in a skilled nursing facility, 42 U.S.C. § 1395u(b)(6)(E); (4) certain services and supplies provided by home health care facilities, 42 U.S.C. § 1395u(b)(6)(F).

By: /S/ Andrew Grosso
Andrew Grosso, Esq. (D.C Bar No. 358326)
*Pro Hac Vice*
ANDREW GROSSO & ASSOCIATES
1101 Thirtieth Street, NW, Suite 500
Washington, D.C. 20007
Telephone: (202) 298-6500
Email: Agrosso@acm.org

Attorney for Relator Robert C. O’Laughlin, M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon the United States this 23rd day of March, 2020, by Electronic Service to all counsel of record.

.

/S Andrew Grosso_
Andrew Grosso, Esq.