**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 16-148-DLB-EBA**

**UNITED STATES OF AMERICA**
***ex rel.* ROBERT C. O'LAUGHLIN, M.D.** **PLAINTIFF**

**v.** **<u>MEMORANDUM ORDER</u>**

**RADIATION THERAPY SERVICES, P.S.C., et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

This matter is before the Court on Defendants' Motion to Dismiss the Second Amended Complaint. (Doc. # 95). The Motion has been fully briefed, (Docs. # 102 and 105), and is now ripe for the Court's review. Additionally, Defendants' Motion to Stay Discovery (Doc. # 106) is pending before the Court.

To address the issues presented regarding Relator's potential Third Amended Complaint, the Court held a telephonic hearing on March 18, 2022. The proceedings were recorded by Official Court Reporter Linda Mullen. Andrew Grosso appeared on behalf of the Relator. Christopher Melton and Victoria Fuller appeared on behalf of Defendants. The Court heard both parties' arguments on whether Relator should be allowed to file a Third Amended Complaint. For the reasons provided and discussed below, this Court will allow Relator to file a final and Third Amended Complaint. Accordingly, Defendants' Motions to Dismiss and Defendants' Motion to Stay Discovery are **denied as moot**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this matter have been previously described in detail in this Court's October 20, 2020 Order. (Doc. # 76 at 1-5).[1] In short, Relator, Robert O'Laughlin, M.D. brings this *qui tam* action on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, based on alleged fraudulent misrepresentations by Defendants to Medicare, Medicaid, and other federal programs regarding radiation oncology and chemotherapy services they provided. (Doc. # 91 at 1-2).

Relator O'Laughlin initiated this lawsuit on December 7, 2016. (Doc. # 1). Following a prior Joint Motion to Dismiss (Doc. # 50), Relator filed an Amended Complaint (Doc. # 53). Following this Court's Order addressing that Motion to Dismiss, Relator filed a Second Amended Complaint. (Doc. # 91). The Second Amended Complaint is virtually identical to the Amended Complaint—both set forth four separate "false presentment" claims under 31 U.S.C. § 3729(a)(1)(A)—which prohibits "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval." (Doc. # 53 ¶¶ 44-76 (Count I), 84-112 (Count III), 120-165 (Count V), and 173-194 (Count VII)); (Doc. # 91 ¶¶ 44-76 (Count I), 84-112 (Count III), 122-167 (Count V), and 175-196 (Count VII)).

In addition, Relator O'Laughlin brings three "false record" claims under 31 U.S.C. § 3729(a)(1)(B), which prohibits "knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement material to a false or fraudulent claim." (*See* Doc. # 53 ¶¶ 78-83 (Count II), 113-119 (Count IV), and 166-172 (Count VI)); (Doc. # 91 ¶¶ 77-83

---

[1] Because the Second Amended Complaint at issue here (Doc. # 91) and the Amended Complaint (Doc. # 53) relevant to the October 20, 2020 Order are almost identical, the factual summary in this Court's previous Order is still comprehensive.

(Count II), 115-121 (Count IV), 168-174 (Count VI)). The Second Amended Complaint also sets forth a conspiracy claim pursuant to 31 U.S.C. § 3729(a)(1)(C). (Doc. # 91 ¶¶ 197-202).

Pending before the Court is Defendants' Motion to Dismiss Relator's Second Amended Complaint. (Doc. # 95). Defendants seek to dismiss Relator's Second Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). However, Relator argues in his Response that he should be granted leave to file a Third Amended Complaint. (Doc. # 102 at 2).

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) establishes that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [] mere technicalities." *Id.* at 181. "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.* at 182.

Furthermore, Rule 16(b)(4) of the Federal Rules of Civil Procedure requires that after a scheduling order has been entered that it "may be modified only for good cause and with the judge's consent." "But a court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the

diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (internal quotation omitted) (citations omitted). Another relevant consideration is whether granting leave to amend would prejudice the defendant. *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002)). "Delay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986) (citations omitted).[2]

**B. Good Cause for Amendment & Prejudice to Defendants**

In his Response, Relator argues that the Third Amended Complaint should be allowed because (1) it does not add any new claims, parties, or legal theories but simply narrows the claims already presented, (2) Defendants are not unfairly prejudiced by the filing of a Third Amended Complaint, (3) the filing of a Third Amended Complaint would conserve resources in discovery by narrowing the allegations and saving judicial resources, and (4) there is no undue delay. (Doc. # 102 at 14-15).

Defendants respond that they would be prejudiced by the Third Amended Complaint because the purpose of a scheduling order is to ensure that the pleadings will be fixed at some definite point. (Doc. # 105 at 16). However, this argument does not sufficiently show how *they* would be prejudiced, instead, their focus is on the technicality of the scheduling order's deadlines. While prejudice to Defendants is a relevant consideration, it does not control this Court's decision. *See Leary*, 349 F.3d at 906. Furthermore, Relator's Third Amended Complaint, which was attached as an exhibit to

[2] Notably, Rule 1 of the Federal Rules of Civil Procedure provides an important backdrop that the rules should be construed "to secure just, speedy, and inexpensive determination of every action and proceeding."

the Response, does in fact limit the claims and remedy other deficiencies outlined in this Court's previous October 20, 2020 Order. (*See generally* Doc # 102-1).

It would contradict the spirit of the Federal Rules of Civil Procedure to deny Relator an opportunity to have his claims adjudicated on the merits. *Foman*, 371 U.S. at 182. Lastly, Relator's arguments about conserving judicial resources are compelling, it would run afoul of the Federal Rules of Civil Procedure's emphasis on handling matters in a just, speedy, and inexpensive manner if this Court were to adjudicate the Motion to Dismiss the Second Amended Complaint when it is virtually identical to the Amended Complaint. *See* Fed. R. Civ. P. 1. This Court already produced a lengthy order on October 20, 2020, adjudicating the first Motion to Dismiss the first Amended Complaint. (Doc # 76).

**C. Telephonic Hearing**

At the hearing, Relator brought to the Court's attention his previous Unopposed Motion for Amendment of the Scheduling Order Due to Attorney's Medical Issues because he was hospitalized on May 14, 2021 and underwent open-heart, coronary by-pass surgery. (Doc. # 87 at 1). Relator's request for an extension of two-months for each deadline was granted except for the deadline to file an amended complaint. (Doc. # 88). However, this Court granted Relator seven days from the entry of the Order denying his Motion for Reconsideration to file a Second Amended Complaint, which was entered on August 30, 2021. (Docs. # 79 and 97). Instead, Relator filed his Response to Defendants' Motion to Dismiss and attached the proposed Third Amended Complaint as an exhibit, filed on September 27, 2021. (Docs. # 102 and 102-1). Relator informed the Court that he filed what he could given his medical condition at the time, as his open-heart surgery

had taken place only a few months prior and he was still recovering.[3] Defendants argued that the Third Amended Complaint would still fail to meet the heightened pleading standards required of the allegations in *qui tam* actions. However, those arguments did not address good cause for filing a Third Amended Complaint, rather they are best reserved for a motion to dismiss. Based on Relator's unique circumstances, this Court finds that he did have good cause and acted with reasonable diligence. *Leary*, 349 F.3d at 906. While this Court has decided to allow Relator's Third Amended Complaint, that will be the extent of this Court's generosity towards Relator's repeated amendments. In short, there will be **no more amendments** to the pleadings and the Third Amended Complaint will be the operative Complaint in this matter.

## III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss Relator's Second Amended Complaint (Doc. # 95) is **DENIED as moot**;

(2) Defendants' Motion to Stay Discovery (Doc. # 106) is **DENIED as moot**;

(3) Defendants' Motion to File Excess Pages (Doc. # 104) is **DENIED as moot;**

(4) Plaintiff's Third Amended Complaint **shall be filed forthwith** upon entry of this Order;

(5) Defendants shall have t**hirty (30) days from the date of the filing of the Third Amended Complaint to file a responsive pleading** to the Third Amended Complaint;

---

[3] During the hearing, Defendants pointed out that Relator had not made a formal motion for leave to file the Third Amended Complaint. Nonetheless, the Court finds that under the circumstances, including counsel for Relator's open-heart surgery and necessary recovery, it is nonetheless appropriate to allow the Third Amended Complaint to be filed.

(6) Any motions to amend the scheduling order will be handled by Magistrate Judge Atkins.

This 18th day of March, 2022.

**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

TIC – 10 minutes