UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:16-cv-00148-DLB-EBA

UNITED STATES OF AMERICA *ex rel.*,
ROBERT C. O'LAUGHLIN, M.D., PLAINTIFF,

V. **ORDER**

RADIATION THERAPY
SERVICES P.S.C. d/b/a
ASHLAND BELLEFONTE
CANCER CENTER *et al.*, DEFENDANTS.

*** *** *** ***

## INTRODUCTION

This matter is before the Court on Relator's Motion to Compel, [R. 109], and Defendants' Motion for a Protective Order. [R. 112]. The matters have been fully briefed and are ripe for review.

## FACTS

Relator, Robert O'Laughlin, M.D. brings this *qui tam* action on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based on the Defendants' alleged fraudulent misrepresentations to Medicare, Medicaid, and other federal programs regarding radiation oncology and chemotherapy services. [R. 52 at pg. 1–2]. Relator initiated this lawsuit on December 7, 2016. [R. 1]. Relator then filed an Amended Complaint following a Joint Motion to Dismiss. [R. 53]. Ultimately, that Complaint partially survived a Motion to Dismiss. [R. 76]. Relator then filed a Second Amended Complaint. [R. 91]. Defendants filed a second Motion to Dismiss which was ultimately denied as moot, as the Court gave the Relator the opportunity to correct defects in

his Second Amended Complaint by filing the Third Amended Complaint. [R. 123]. Relator then filed his final and the operative Third Amended Complaint. [R. 124]. Importantly, discovery was ongoing during much of the parties' disputes over the various complaints leading to confusion between the parties regarding which claims are now active and how discovery should be tailored. This necessitated the motions at bar, as well as the various motions to stay in this case.

## LEGAL STANDARD

Fed. R. Civ. P. 26(b)(1) provides that — unless otherwise limited — "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The information sought need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This language is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). The scope of discovery, however, is not without limitation. It is "well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.* (citing Fed. R. Civ. P. 26(b); *H. L. Moore Drug Exch., Inc. v. Smith, Kline and French Lab.*, 384 F.2d 97 (2d Cir. 1967)).

Where a party refuses to provide information requested by any other party, which is thought by the requesting party to be within the scope of Fed. R. Civ. P. 26(b)(1), the requesting party may move the court in which the action is pending to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Such a motion to compel generally may be filed where a party has failed to provide mandatory disclosure; failed to answer or admit an interrogatory or

request for admission; or failed to produce discoverable information, materials, or documents — electronic or otherwise. *See generally* Fed. R. Civ. P. 37. A failure to disclose, answer or admit, or produce includes disclosures, answers or admissions, or productions that are "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). Prior to so moving, however, a party seeking to compel disclosure or discovery must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Should the court determine the matters sought to be compelled fall within the scope of Fed. R. Civ. P. 26, the motion shall be granted.

**ANALYSIS**

At issue here are the following discovery requests:

1) Relator's First Request for Production of Documents, served February 8, 2021;
2) Relator's Second Request for Production of Documents, served August 9, 2021;
3) Relator's Third Request for Production of Documents, served August 16, 2021;
4) Relator's First Set of Interrogatories, served August 24, 2021; and
5) Relator's Second Set of Interrogatories, served August 24, 2021.

Notably, Relator states that the Defendants have responded, though alleged inadequately, to the first RFP, but the Defendants have not responded to any of the others. [R. 109 at pg. 3]. Accordingly, the Court will address the First RFP separate from the Court's analysis of the other discovery requests.

**A. Relator's First Request for Production of Documents.**

Relator served his First Set of Request for Production of Documents on all Defendants on February 8, 2021. [R. 109 at pg. 4; R. 109 Ex A]. Defendants responded on March 18, 2021, with answers and objections but no document production. [*Id*.]. Relator contends that these answers and objections are deficient. [*Id*.]. The parties conducted a telephonic conference on April 4, 2021,

where the parties discussed the use of search terms for identifying email communications in the possession of the Defendants called for by the Relator's 1st RFP. [*Id*. at pg. 5]. Ultimately, Defendants supplemented their response on August 13, 2021. [*Id*.]. The Relator contends that the Defendants' supplementation is also deficient. [*Id.*]. Specifically, Relator contends that the Defendants supplementation was deficient because:

> [I]t was not identified which defendants were producing which documents; there was no indication as to which document responded to which discovery request; there was no privilege log; some of the documents were marked as having been printed on May 13th, but were withheld from production for three months, for no given reason; numerous blank pages were marked "Confidential" and "Attorney's Eyes Only," demonstrating that little to no care was taken to identify which documents were truly confidential and which were not—instead the Defendants marked *everything* confidential, abusing the designation; documents were obviously missing; no insurance claims were produced; no documents were produced by Defendant A One Biz; and no insurance carrier, Medicare, Medicaid, or electronic data interface agreements were produced.

[*Id*. at pg. 5–6] (emphasis in the original). Further, Relator states that "[s]ome provider and billing summaries were produced for selected chemotherapy patients, on September 21st. These demonstrate that the defendants keep such a category of billing records but have to date turned over none for any radiation services despite them being sought by the 1st RFP." [*Id*. at pg. 6].

In Response, the Defendants argue that they have collectively produced over 2500 pages of items in response to his RFPs. [R. 111 at pg. 10]. Defendants further argue that "the party seeking discovery bears the burden of proving that a discovery response is inadequate." *Commins v. NES Rentals Holdings, Inc*., No. 3:16-CV-00608-GNS, 2018 WL 3186983, at *3 (W.D. Ky. June 18, 2018) [*Id*.]. Defendant then argues that Relator's motion should fail because he has not met this burden and the Defendants production was responsive, despite Relator disagreeing about the Defendants' responsiveness. [*Id*.].

**I. REQUEST NO. 1**: All documents that the Defendant intends to introduce at trial or use in support of or in opposition to any motion for summary judgment, or in support of the Defendant's Answer to Relator's Complaint.

Defendants object to this request on the grounds that it imposes a greater burden on the Defendants than that contained in the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 34(b)(1)(A) states that a document request "must describe with reasonable particularity each item or category of items to be inspected." Fed R. Civ. P. 34(b)(1)(A). Here, Relator's request fails the reasonable particularity requirement and likely would include documents covered by work-product or attorney-client privilege. Thus, the Realtor's Motion to Compel will be denied on this request.

**II. REQUEST NO. 2**: All Electronic Data Interchange enrollment forms and other enrollment agreements with or submitted to (a) CMS; (b) the Department of Medicaid Services of the Kentucky Cabinet for Health and Family Services; (c) West Virginia Bureau for Medical Services; and (d) any and all of The Contractors.

In Defendant's supplemental response to Realtor's 1st Request for Production, the Defendants state that they have attached the credentialing documentation, provider agreements that Defendants keep in their ordinary course of business. As Defendants allege that this production represents all responsive documents that they have kept in their ordinary course of business, the Relator's request has been adequately answered. [R. 109-1]. Accordingly, the Relator's motion to compel will be denied for this request.

**III. REQUEST NO. 3**: All documents in the possession or control of the Defendant comprising instructions from third parties, including insurers, contractors, and federal and state government entities, concerning methods and manners for submitting claims for medical services, directly or indirectly, to the Medicare or Medicaid programs, and to insurers and contractors, for payment.

Defendants claim that they do not maintain the documents and instructions sought in this Request in their ordinary course of business. Defendants maintain that their course of practice is to consult the published guidance as needed and as appropriate on agencies' published repositories. In Response to the Motion to Compel, Defendants states that the Sixth Circuit has excepted

publicly available items from production. [R. 111 at pg. 12]. (citing *Columbia Gas Transmission, LLC*, No. 17-90-WOB-CJS, 2018 WL 8493409, at *7 (E.D. Ky. Nov. 7, 2018)). Here, as the documents requested in this RFP are publicly available the Motion to Compel will be denied on this request.

**IV. REQUEST NO. 4**: All billing records, and documentation of billing records, including CMS 1500 forms, submitted by A-One Biz, Ashland BCC, and Highlands CC to CMS, Medicare, and Medicaid for reimbursement.

Defendants claim that they have produced all responsive documents kept in the ordinary course of business to this request. Thus, for the same reasons as Request No. 2, Relator's motion to compel will be denied for this request.

**V. REQUEST NO. 5**: All billing records, and documentation of billing records, including CMS 1500 forms, submitted by A-One Biz, Ashland BCC, Highlands CC, and Logan CC to the Contractors for reimbursement.

Defendants claim that they have produced all responsive documents kept in the ordinary course of business to this request. Thus, for the same reasons as Request No. 2, Relator's motion to compel will be denied for this request.

**VI. REQUEST NO. 6**: All communications, including written, recorded, and electronic communications between and among M. Jain, K. Jain, A. Jain, A-Biz One, Ashland BCC, Highlands CC, and Logan CC mentioning, concerning or related to billing procedures or requirements under the Medicare or Medicaid programs for any radiation oncology simulation, treatment or therapy.

Defendants object to this request for a number of reasons. In short, Defendants contend that this request is overly broad and impermissibly vague. Further, Defendants allege that this request requires Defendants to produce documents outside of their custody and control. Here, the Court will deny the Motion to Compel in part, and grant it in part. Clearly. Defendants cannot be compelled to produce documents outside of their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see Card v. Principal Life Ins. Co.*, No. 5:15-139-KKC, 2016 U.S. Dist. LEXIS 95815,

at *8-9 (E.D. Ky. July 22, 2016). However, the Court finds that to the extent that these records exist and are in control of the Defendants, they should be produced, as they are well within the scope of discoverability.

**VII. REQUEST NO. 7**: All communications, including written, recorded, and electronic communications between and among M. Jain, K. Jain, a. Jain, A-Biz One, Ashland BCC, Highlands CC, and Logan CC mentioning, concerning or related to billing procedures or requirements for any and all of The Contractors for any radiation oncology simulation, treatment or therapy.

Defendants raise the same objection as Request No. 6, but also add that this Request should be dismissed because "the Court dismissed Realtor's claims of false presentment 'to the extent that they are based on Defendants' alleged false certification that certain radiation oncology services were supervised by a qualified radiation oncologist." [R. 109-9 at pg. 7–8]. Here, the Court has allowed Relator to amend his complaint; accordingly, the operative complaint is the Relator's third amended complaint. [R. 124]. In the third Amended Complaint, Relator has narrowed the scope of his allegations to include only false claims billed to federal health insurance programs for radiation therapy or diagnostic services that have a professional component, and no qualified physician provided such services. [R. 124]. Accordingly, Defendant's arguments regarding the Court's prior dismissal of certain counts are effectively moot. Thus, the same analysis for Request 6 applies. Relator's motion to compel is granted in part and denied in part. Defendant's do not have to produce documents not in their control; however, this request is otherwise within the scope of discovery.

**VIII. REQUEST NO. 8**: All communications, including written, recorded, and electronic communications between and among M. Jain, K. Jain, A-Biz One, Ashland BCC, Highlands CC, and Logan CC mentioning, concerning or related to billing procedures or requirements under the Medicare or Medicaid programs for any chemotherapy procedures and services.

The same analysis as Request No. 7 applies here. For this request, Relator's Motion to Compel will be granted in part and denied in part. Defendants do not have to produce documents not within their control, but otherwise must comply with the request.

**IX. REQUEST NO. 9**: All communications, including written, recorded, and electronic communications between and among M. Jain, K. Jain, A-Biz One, Ashland BCC, Highlands CC, and Logan CC mentioning, concerning or related to billing procedures or requirements for any and all of The Contractors for any chemotherapy procedures and services.

The same analysis as Request No. 7 applies here. For this request, Relator's Motion to Compel will be granted in part and denied in part. Defendants do not have to produce documents not within their control, but otherwise must comply with the request.

**X. REQUEST NO. 10**: Any and all treatment schedules of The Relevant Patients.

In Defendants supplemental response, Defendants indicate that they do not retain separate treatment schedules in their ordinary course of business. However, Defendants indicate that they have produced medical records which would indicate the dates of service for the treatments received by applicable patients. Thus, for the same reasons as Request No. 2, Relator's motion to compel will be denied for this request.

**XI. REQUEST NO. 11**: Any and all documentation of medical records, whether signed or not by tending physicians, for radiation oncology procedures and services provided to or for The Relevant Patients.

Defendants claim that they have attached the medical records to their supplemental response and that attachment represents the Defendants' entire collection of responsive documents kept in their ordinary course of business. Thus, for the same reasons as Request No. 2, Relator's motion to compel will be denied for this request.

**XII. REQUEST NO. 12**: Any and all documentation of medical records, whether signed or not by tending physicians, for chemotherapy procedures and services provided to or for The Relevant Patients.

Defendants claim that they have produced all responsive documents kept in the ordinary course of business to this request. Thus, for the same reasons as Request No. 2, Relator's motion to compel will be denied for this request.

**XIII. REQUEST NO. 13**: Any and all guidance and/or publications by CMS, the American Society of Radiologic Technologists ("ASRT"), the American College of Radiology ("ACR"), and/or the American Society for Radiation Oncology ("ASTRO") regarding the clinical nature of the billed radiation services, the propriety of coding and billing for radiation therapy services, and the appropriate supervision requirements for radiation therapy services.

As this request seeks publicly available information, for the same reasons as Request No. 3, this request will be denied.

**XIV. REQUEST NO. 14**: Any and all Medicare Benefit Policy Manual and Medicare Claims Processing Manual provisions regarding the clinical nature of the billed radiation services, the propriety of coding and billing for radiation therapy services, and the appropriate supervision requirements for radiation therapy services.

As this request seeks publicly available information, for the same reasons as Request No. 3, this request will be denied.

**XV. REQUEST NO. 15**: Any and all handbooks, policy manuals, policy guides, instructions, written advice or other documents used by or within A-One Biz, Logan CC, Ashland BCC, and Highlands CC regarding the clinical nature of the billed radiation services, the propriety of coding and billing for radiation therapy services, and the appropriate supervision requirements for radiation therapy services.

As this request seeks publicly available information, for the same reasons as Request No. 3, this request will be denied.

**XVI. REQUEST NO. 16**: Any and all guidance and/or publications by CMS regarding the clinical nature of the billed radiation services, the propriety of coding and billing for chemotherapy services, and the appropriate supervision requirements for chemotherapy services.

As this request seeks publicly available information, for the same reasons as Request No. 3, this request will be denied.

**XVII. REQUEST NO. 17**: Any and all Medicare Benefit Policy Manual and Medicare Claims Processing Manual provisions regarding the clinical nature of the billed radiation services, the

propriety of coding and billing for chemotherapy therapy services, and the appropriate supervision requirements for chemotherapy therapy services.

As this request seeks publicly available information, for the same reasons as Request No. 3, this request will be denied.

**XVIII. REQUEST NO. 18**: Any and all handbooks, policy manuals, policy guides, instructions, written advice or other documents used by or within A-One Biz, Logan CC, Ashland BCC, and Highlands CC regarding the clinical nature of the billed radiation services, the propriety of coding and billing for chemotherapy services, and the appropriate supervision requirements for chemotherapy therapy services.

As this request seeks publicly available information, for the same reasons as Request No. 3, this request will be denied.

**B. Relator's Second and Third Request For Production and First and Second set of Interrogatories.**

In Defendants' Response to Relator's Motion to Compel, Defendants raise a number of objections to items found within these discovery requests. Notably, however, Defendant has yet to formally object to Relator's subsequent RFPs and both sets of Interrogatories. The court will take each of Defendants' objections in turn.

First, Defendants dispute Request No. 19 from Relator's Second RFP, [R. 111 at pg. 19], which reads:

> **REQUEST NO. 19**: All personnel records, including the complete personnel file, of each of the
> following individuals:
> (a) Jeannie Armour
> (b) Ram Batra, M.D.
> (c) Christie Blankenship
> (d) Katie Blackburn
> (e) Fadi Hayek, M.D.
> (f) Anshu Jain, M.D.
> (g) Kirit K. Jain, M.D.
> (h) Manish Jain
> (i) Tammy Johnson
> (j) Robert Klein
> (k) Katie McCoy

> (l) Donald Stacy, M.D.
> (m) Mary Ann Stephenson
> (n) Stephanie Van Dine
> (o) Waris Waris, M.D.
> Among the other items maintained as personnel records and in personnel files, the records demanded must include reprimands, hiring agreement, termination and severance notices and agreements, performance appraisals, attendance records, leave records, and absence records. Items that may be omitted are medical and health insurance records containing Protected Health Information.

[R. 109-3 at pg. 6–7]. Here, Defendants argue that a number of these names are entirely absent from the Second Amended Complaint. [R. 111 at pg. 19]. Notably, the operative complaint is now the Third Amended Complaint, but Defendants' objections still stand, as the same individuals are listed in the Third Amended Complaint. Thus, as a number of these names are not in the Third Amended Complaint, Relator has not demonstrated that they have discoverable information. Accordingly, Relator's motion to compel, information regarding individuals listed A-E, I, and K-O shall be denied. Notably, Robert Klien was a manager at Logan Oncology Care Associates, LLC, an entity that has been dismissed form this action. [R. 111 at pg. 19]. However, the Conspiracy claim set forth in the Third Amended Complaint still contains employees of Logan Cancer Center. Accordingly, information regarding Robert Klien that is in possession of the Defendants should be produced; however, any information that is not in the possession of the Defendants will not be compelled. The information regarding the remaining persons, (F-H) is discoverable and Relator's motion to compel is granted for their information.

Defendants also dispute Request No. 20., which states:

> **REQUEST NO. 20**: All records, agreements, payments, receipts, contracts, communications of any kind, and invoices between on the one hand, A One Biz, Manish Jain, and Gitika Bafna; and on the other hand, Ashland BCC, Highlands, CC, Logan CC, Kirti Jain, Manish Jain, Anshu Jain, and Robert Klein.[1]

[1] The Court believes that Relator erroneously numbered this RFP as "Request No. 19." Accordingly, the Court reproduced the RFP as it was written, but will refer to it as RFP No. 20 to avoid confusion with the prior analysis of RFP 19.

[R. 109-2 at pg. 7]. Defendants argue that some of these requested items are relevant. However Defendants argue that "communication of any kind" is too broad to effectively comply with. The Court agrees. Accordingly, Relator's motion to compel will be granted in part and denied in part regarding this Request. Defendants must turn over all records, agreements, payments, receipts, contracts, and invoices pursuant to the RFP. However, "communications" shall be limited to matters directly surrounding the Defendants services.

**C. Defendants' Motion for a Protective Order.**

Defendant moves the Court for a Protective Order based on Relator's alleged abuses of discovery. [R. 112]. Under Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The burden of establishing good cause for a protective order rests with the movant," and to demonstrate good cause a movant "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *Nix v. Sword*, 11 App'x 498, 500 (6th Cir. 2001) (quoting *Avrigan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (internal quotation marks omitted). Courts should balance the parties' right to discovery and the need for access to information with the burdens on the disclosing party and the need to prevent 'fishing expeditions.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012).

Here, the Defendants' reasoning that a protective order is necessary revolves around the procedural difficulties responding to Relator's discovery requests. Defendants' motion and reply tirelessly set out the various delays and false starts in discovery based on Relator's numerous Amended Complaints. However, at the outset, the Court will note that these arguments are largely

without merit, as the Court has allowed Relator to file a third and final Amended Complaint. [R. 124]. Accordingly, there is no longer a mystery as to what claims are live and what claims are not. Thus, the Court will turn to other portions of the Defendants' arguments.

For instance, Defendants argue that a number of Realtor's requests seek records related to services provided by Logan Oncology Care Associates, LLC, an entity that has been dismissed from this action. [R. 112 at pg. 3]. As stated above, Defendants have no duty to produce documents that are not in their control. Accordingly, this Court will grant the protective order in a limited sense regarding discovery requests for production of documents associated with Logan Oncology Care Associates, LLC.

Defendants further argue that Relator takes issue with Defendants supposed failure to produce items that Realtor allegedly never requested. [R. 117 at pg. 7]. Defendants cite to Realtor's requests for "Patient Demographics and Insurance Information." [*Id*.]. Here, Defendants contend that Realtor never requested them and only requested medical and billing records. [*Id*.]. Defendants are correct that Relator did not affirmatively request these specific records. Accordingly, the Court will not compel disclosure of the records. However, the Court is not convinced that this information is not discoverable, therefore the Court will also decline to grant Defendant's protective order for this piece of information.

Defendants further contests Relator's requests for Medical Administration Records ("MAR") for radiation treatments. [*Id*. at pg. 8]. Here, the Defendants argue that MARs exist chemotherapy treatments but not for radiation treatments. [*Id*.] It is undisputed that MARs are discoverable in this case; accordingly, the Court will deny the Defendants' protective order regarding them. However, Defendants obviously cannot produce what does not exist. Accordingly, MARs regarding radiation treatment cannot be compelled.

## CONCLUSION

For the reasons outlined above, **IT IS ORDERED AS FOLLOWS**:

1. Relator's Motion to Compel, [R. 109], is **GRANTED IN PART** and **DENIED IN PART** consistent with the analysis set forth in this Order.

2. Defendants' Motion for a Protective Order, [R. 112], is **GRANTED IN PART** and **DENIED IN PART** consistent with the analysis set forth in this Order.

Signed August 18, 2022.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**