UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:16-CV-00148-ELB-EBA

UNITED STATES OF AMERICA *ex rel.*,
ROBERT C. O'LAUGHLIN, M.D., PLAINTIFF,

V. **ORDER**

RADIATION THERAPY
SERVICES P.S.C. d/b/a/
ASHLAND BELLEFONTE
CANCER CENTER *et al.* DEFANDANTS.

*** *** *** ***

## INTRODUCTION

Relator moves for limited reconsideration of the Court's earlier Order [R. 136] concerning Relator's previous motion to compel [R. 109] and the Defendants motion for a protective order [R. 112]. [R. 137]. The Defendants responded to the motion. [R. 139]. As Relator opted to not file a reply, this matter is ripe for review.

## FACTS AND PROCEDURAL HISTORY

Relator, Robert O'Laughlin, M.D., brings this *qui tam* action on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et seq*., based on the Defendants' alleged fraudulent misrepresentations to Medicare, Medicaid, and other federal programs regarding radiation oncology and chemotherapy services. [R. 52 at pgs. 1–2]. Relator filed this lawsuit on December 7, 2016, [R. 1], and filed an Amended Complaint following a Joint Motion to Dismiss. [R. 53]. The Complaint partially survived the Motion to Dismiss. [R. 76]. Later, Relator filed a Second

Amended Complaint. [R. 91]. Defendants filed a second Motion to Dismiss, but the Court denied it as moot and granted the Relator the opportunity to correct his defective Second Amended Complaint by filing a Third Amended Complaint. [R. 124]. Importantly, discovery was ongoing during much of the parties' disputes over the various complaints leading to confusion between the parties regarding which claims are now active and how discovery should be tailored. This prompted the Relator to move to compel discovery and the Defendants to move for a protective order from said discovery. [R. 109; R. 112]. This Court granted and denied in part both motions. [R. 136]. Now, the Relator moves for partial reconsideration of that Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 governs how a party may secure relief from an order of the Court. Fed. R. Civ. P. 60. Rule 60(b) provides as follows:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reverse or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Though granting reconsideration pursuant to Rule 60(b) is a matter within the court's discretion, allowing reconsideration is an exception rather than common practice." *Neeley v. Wolters Kluwer Health, Inc.*, 311 F.R.D 427, 430 (E.D. Ky. 2015). This is because public policy favors the finality of judgments. *Id.*; *see Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). When relief is sought under Rule 60(b)(6), the movant must demonstrate "exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief." *Guy v. Lexington-*

*Fayette Urban County Government*, 624 F.App'x 922, 931 (6th Cir. 2015) (citing *Exp.-Imp. Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010)).

## ANALYSIS

The Relator's motion seeks limited reconsideration of this Court's Order on the Defendant's Motion for a Protective Order, or, alternatively, clarification of the Order. [R. 137]. The Relator finds issue with just one paragraph of the Order, found on its thirteenth page. The paragraph at issue reads, in full:

> For instance, Defendants argue that a number of [Relator's] requests seek records related to services provided by Logan Oncology Care Associates, LLC, an entity that has been dismissed from this action. [R. 112 at pg. 3]. As stated above, Defendants have no duty to produce documents that are not in their control. Accordingly, this Court will grant the protective order in a limited sense regarding discovery requests for production of documents associated with Logan Oncology Care Associates, LLC.

[R. 136 at pg. 13].

The Relator reads this paragraph as protecting the Defendants from producing "all of the records that they . . . have in their possession" as to Logan Oncology Care Associates, LLC. [R. 137 at pg. 3]. However, as both the Relator and Defendants point out, *see* [R. 139-1 at pg. 2], such a reading would contradict other portions of the Order, such as that found on its eleventh page:

> Notably, Robert Klein was a manager at Logan Oncology Care Associates, LLC, an entity that has been dismissed [from] this action. [R. 111 at pg. 19]. However, the Conspiracy claim set forth in the Third Amended Complaint still contains employees of Logan Cancer Center. Accordingly, information regarding Robert Klein *that is still in possession of the Defendants should be produced*; however, any information that is not in the possession of the Defendants will not be compelled.

[R. 136 at pg. 11] (emphasis added).

The Court agrees that such a reading would contradict its prior Order. That is why it is an incorrect reading. The Order, as written, "grant[ed] the protective order *in a limited sense* regarding discovery requests for production of documents associated with Logan Oncology Care Associates,

LLC." [R. 136 at pg. 13] (emphasis added). The Defendants read that paragraph correctly: they must "produce responsive documents, even if they are related to Logan, to the extent that they are in [the Defendants'] possession." [R. 139-1 at pg. 2]. Put another way, the Defendants must produce "records that they, individually or jointly, have in their possession, regardless of the fact that Logan CC is no longer a defendant in this case." [R. 137 at pg. 3].

## CONCLUSION

Because the Court's prior Order provides the relief that the Relator now seeks, his motion for reconsideration is moot. However, the Court will construe his motion as one for clarification.

Having considered the matter, and being sufficiently advised,

**IT IS ORDERED** that the Relator's Motion for Clarification is **GRANTED**.

Signed September 21, 2022.

**Signed By:**

***Edward B. Atkins*** EBA

**United States Magistrate Judge**