UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

***Electronically Filed***

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Ex rel.* ROBERT C. O'LAUGHLIN, M.D.<br><br>PLAINTIFFS,<br><br>v.<br><br>RADIATION THERAPY SERVICES, P.S.C. dba ASHLAND BELLEFONTE CANCER CENTER, KIRTI K. JAIN, M.D., P.S.C., dba HIGHLANDS CANCER CENTER, A ONE BIZ SOLUTIONS, LLC, MANISH JAIN, and KIRTI K. JAIN, M.D.<br><br>DEFENDANTS. | ) | CIVIL ACTION NO. 0:16-cv-148-DLB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO RELATOR'S MOTION FOR RECONSIDERATION**

The Defendants, Radiation Therapy Services, P.S.C. d/b/a Ashland Bellefonte Cancer Center, Kirti K. Jain, M.D., P.S.C. d/b/a Highlands Cancer Center, A-One Biz Solutions LLC, Kirti K. Jain, M.D., and Manish Jain (collectively, the "Defendants"), by counsel, for their Response to the Motion for Reconsideration by Relator Robert O'Laughlin, M.D. ("Relator"), (DN 142), state as follows:

In the six years that this matter has been pending, Relator has been called to defend his pleadings against three separate Motions to Dismiss. (DN 64; DN 95; DN 125). He should be well-aware that he has to raise arguments in his initial brief in order to avoid waiving them and, when the Court has decided an issue, its word on the matter is final barring extraordinary circumstances warranting reconsideration. Moreover, this Court previously explained this very point to Relator when it denied his *first* Motion for Reconsideration. (8/30/2021 Memo. Op. & Order, DN 97, p. 4,

PageID#1058 ("Although district courts have significant discretion to reconsider prior, interlocutory rulings, motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." (internal quotations omitted)). Hence, there is nothing that justifies Relator's failure to properly address Counts III and IV in his response brief. This is especially true since Relator knew precisely what the stakes were. While the Court allowed entry of the flawed, delinquent Third Amended Complaint, its leniency was limited: the Court was clear that the Third Amended Complaint was the end of its generosity and Relator's ability to maintain any of his claims depended upon the merits of those claims and his defense of them if challenged. (Memo. Order, DN 123, p. 6, PageID#1763). He failed to do so. Consequently, this matter has once again stalled at the pleadings stage due to Relator's actions. Defendants presented thorough, well-supported arguments regarding each of Relator's claims in the Third Amended Complaint. His response was not enough to overcome those arguments. His belated bite at the apple is improper under the Rules of Civil Procedure and is meritless. This Court has been incredibly forgiving in allowing Relator multiple attempts to refine his arguments, especially when the Third Amended Complaint was presented without any adherence to the applicable Rules. But he cannot continue to rely on the Court's good graces—nor should the Court extend any. It is time for Relator to accept the reality caused by his own inadequate pleadings and briefings. For these reasons, Relator's Motion for Reconsideration should be dismissed.

## BRIEF PROCEDURAL HISTORY

As this Court noted in its November 23, 2022 Memorandum Opinion and Order, this matter's history is "convoluted and lengthy" and Defendants do not wish to inundate the Court with another extensive re-telling. (Memo. Op. & Order, DN 141, p. 1, PageID#2041). Instead,

Defendants wish only to highlight relevant procedural history items. This matter was originally filed in 2016 and the Complaint was unsealed in 2019. (DN 34). Soon thereafter, Defendants moved to dismiss the Complaint. (DN 50). Before that Motion was decided, Relator filed an Amended Complaint. (DN 53). That Complaint was also met with a Motion to Dismiss. (DN 64). On October 20, 2020, the Court granted, in large part, the Motion to Dismiss, including dismissing with prejudice several aspects of Relator's counts (Memo. Op. & Order, DN 76 (the "2020 Opinion and Order")). The Court gave Relator an opportunity to cure certain of his other counts, though, and dismissed these counts without prejudice. (*Id.* at p. 28, PageID#793). It then ordered Relator to file another amended complaint within 14 days of the entry of the 2020 Opinion and Order. (*Id.* at p. 29, ¶ 2, PageID#794).

Instead, Relator filed his first Motion for Reconsideration. (DN 77). Not long thereafter, Relator's deadline to file another amended complaint was extended in light of his Motion for Reconsideration: instead of requiring Relator to file his new pleadings within 14 days of the 2020 Opinion and Order, he was given until "seven (7) days after the ruling by this Court on the Relator's Motion for Reconsideration . . . ." (10/27/2020 Order, DN 79). The parties proceeded to collaborate as the Court considered Relator's first Motion for Reconsideration and, pursuant to their agreement, the Court entered a Scheduling Order in January of 2021 that established a number of deadlines. (Sched. Order, DN 85). Of note, the Court ordered that all motions to amend the pleadings must be filed on or before July 16, 2021. (*Id.* at p. 1, ¶ (A)(2)).

Accordingly, Relator had two deadlines by which he could move to amend his pleadings: July 16, 2021 under the Scheduling Order, or seven days after the Court decided his first Motion for Reconsideration. As the July 16, 2021 deadline approached, Relator moved to amend the Scheduling Order, which was granted in part. (DN 87, DN 88). However, July 16th remained the

date by which Relator was required to file any amended pleadings. (DN 88, p. 1). Relator thereafter moved for leave to file his Second Amended Complaint in July in order to comply with the Scheduling Order, which was granted. (DN 89, DN 90). In granting his request, the Court maintained Relator's ability to amend his pleadings again by allowing him to file a third amended complaint within seven days following any decision by the Court on his Motion for Reconsideration. (DN 90).

The Second Amended Complaint was essentially a carbon copy of the problematic (and largely dismissed) Amended Complaint. (*See* Mar. 18, 2022 Order, DN 123, p. 2 n.1, PageID# 1759 ("Because the Second Amended Complaint at issue here (Doc. # 91) and the Amended Complaint (Doc. # 53) relevant to the October 20, 2020 Order are almost identical, the factual summary in this Court's previous Order is still comprehensive.")). Defendants then moved to dismiss the Second Amended Complaint in its entirety with prejudice on August 27, 2021. (DN 95). Less than a week later, the Court denied Relator's first Motion for Reconsideration on August 30, 2021. (DN 97). Consequently, Relator had seven days thereafter to file another amended complaint. (*See* DN 90).

Instead, Relator waited almost a month before improperly introducing the Third Amended Complaint through his response brief to Defendants' Motion to Dismiss the Second Amended Complaint. (DN 102). Relator did not address Defendants' arguments regarding the Second Amended Complaint and chose to solely focus on the merits of his proposed Third Amended Complaint. (*See id.* at p. 8, PageID#1077 ("All remaining arguments that the Defendants raise in their Motion to Dismiss are remedied by the revisions to Dr. O'Laughlin's pleadings found in the proposed Third Amended Complaint.")). In his response brief, Relator consistently emphasized how the Third Amended Complaint differed from the three sets of pleadings that had preceded it.

He described the Third Amended Complaint as "narrow[er]" than the prior complaints and that it "*eliminate[d]* certain patient claims and *narrow[ed]* certain allegations regarding patient claims, thereby resulting in the new complaint fully conforming with this Court's prior orders." (*Id.* at p. 2, PageID#1071, p. 7, PageID#1076) (emphases in original). While Defendants disagree with his characterization of the Third Amended Complaint and its legal sufficiency, the point remains: Relator saw this as an entirely new set of pleadings and intended for it to succeed where its predecessors failed.

Despite Relator's clear intent to rely on this Third Amended Complaint, he *never* moved for leave under Rule 15(a)(2) to actually submit it to the Court. His only attempt to do so was through a half-hearted mention of Rule 15(a)(2)'s standard of "freely giv[ing] leave when justice so requires" at the very end of his response brief. (*Id.* at p. 14, PageID#1083). By choosing to forgo a standalone motion, Relator handicapped Defendants' ability to comprehensively address the issues introduced by Relator through his response brief. Defendants had to use their reply brief to address (i) all of Relator's newly-raised arguments concerning a brand-new set of pleadings that they had never even seen before, and (ii) Relator's "request" for leave to amend his pleadings yet again.

Defendants explained this procedural misstep in the series of briefings that followed. (*See, e.g.*, DN 106, pp. 6-7). Relator never made any attempt to remedy this issue, though, and acted as though the Third Amended Complaint was controlling as soon as he submitted it to the Court. The Court ultimately addressed this issue through a telephonic conference with the parties' counsel in March of 2021. (DN 123).While the Court noted that Defendants correctly pointed out the lack of any formal motion requesting leave, the Court ultimately decided that it was a better use of

resources to allow entry of the Third Amended Complaint, thereby rendering Defendants' Motion to Dismiss the Second Amended Complaint moot. (*Id.* at p. 6, n.3; p. 6 ¶¶ (1), (4)).

Importantly, the Court explained that its leniency with Relator's unending amendments and re-dos had ended. It explicitly stated that the Third Amended Complaint "will be the extent of this Court's generosity towards Relator's repeated amendments. In short, there will be **no more amendments** to the pleadings and the Third Amended Complaint will be the operative Complaint in this matter." (*Id.* at p. 6) (emphasis in original). Accordingly, Relator was put on notice that his ability to maintain this action depended on the Third Amended Complaint's legal sufficiency—which would be determined through Defendants' anticipated motion to dismiss. (*See id.* (explaining that certain arguments raised by Defendants "are best reserved for a motion to dismiss.")).

Less than thirty days after the Court's March 18, 2022 Order, Defendants did precisely that: they filed the Motion to Dismiss, which sought to dismiss the Third Amended Complaint in its entirety. (Mot. to Dismiss, DN 125). This Motion to Dismiss raised specific arguments against each of the eight counts included in the Third Amended Complaint, in addition to arguing in a broader sense that Relator's pleadings failed to meet the heightened standard under Rule 9(b). Of note to Relator's current Motion for Reconsideration, Defendants raised detailed arguments concerning the insufficiencies of Counts III and IV. Counts III and IV are based upon radiation oncology services that were allegedly billed as though a physician provided or supervised services (including the technical components of these services) "whereas in truth and in fact no physician provided these services; no physician provided direct or personal supervision of the provision of these services; and no physician was on the premises when these services were provided." (Third Amend. Compl., ¶ 124, ¶¶ 79-80). In their Motion to Dismiss, Defendants pointed out to both the

Court and Relator that, *of the codes specifically included in the examples pleaded* in Counts III and IV, "only two are professional codes that would have been performed by a physician." (Mot. to Dismiss, DN 125, p. 19). They then went into great detail explaining how those two codes do not have to be performed on the premises in order to be reimbursed. They concluded by explaining that "most of the claims [identified under Counts III and IV] are technical in nature and are not performed by a physician, while the few that do supposedly have a professional component are not of the variety that a physician would need to even be in the premises to render the professional service." (*Id.* at p. 20, PageID# 1853).

In his response brief, Relator dedicated three short, conclusory paragraphs to Defendants' clear arguments addressing Counts III and IV. (Relator's Resp., DN 131, p. 17, PageID#1960). He completely ignored Defendants' argument that Counts III and IV included only two billing codes that contained professional components. He then made no attempt to rebut Defendants' position that those two codes did not have to be provided on-site. He never referred to any other billing codes included in his Third Amended Complaint, nor did he rely on or refer to anything else—not any published guidance from the Centers for Medicare & Medicaid Services ("CMS"), any prior opinions from this Court, or any other controlling source whatsoever. He simply said that Third Amended Complaint did "allege fraudulent claims. [Counts III and IV] allege that a physician performed or supervised these services when in point of fact a physician did *not* do so, and that these false statements were material and pre-conditions of payment from the Medicare and Medicaid programs . . . ." (*Id.*) (internal citation omitted and emphasis in original). In stark contrast to the numerous pages he dedicated in support of his other claims, Relator's argument section addressing Counts III and IV was less than one full page and void of any substantive support. (*Compare id.* at p. 17, PageID#1960 (addressing Counts III and IV), *with id.* at pp. 9-14,

PageID#1952-57 (addressing Counts V and VI) *and id.* at pp. 14-17, PageID#1957-60 (addressing Counts I and II), *and id.* at pp. 17-20, PageID#1960-63 (addressing Count VII)).

Defendants noted Relator's failure to defend Counts III and IV in their reply brief. (Defs.' Reply, DN 135, pp. 5-6, PageID#1983-84). They pointed out that Relator "made no effort to rebut . . . or even address" their arguments that only two of Relator's codes identified under Counts III and IV included professional components and that those services did not have to be provided on-site. (*Id.* at p. 5, PageID#1983). They then cited Sixth Circuit case law that clearly explained this Circuit's position on bare-bones arguments and waiver: "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, *are deemed waived*. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (*Id.* at p. 6) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (emphasis added).

The briefing cycle concluded with Defendants' reply brief. On November 23, 2022, the Court issued its Memorandum Opinion and Order regarding Defendants' Motion to Dismiss. (Memo. Op. & Order, DN 141). The Court agreed with Defendants in many respects and dismissed Counts I-IV and VII of the Third Amended Complaint. (*Id.* at p. 14, ¶ 1, PageID#2054). As to Counts III and IV specifically, the Court noted Relator's inadequate counter-arguments. The Court briefly summarized the substance of Counts III and IV and then pointed out that the Defendants argued that "only two of the billing codes alleged represent a service with any professional component." (*Id.* at p. 8, PageID#2048).

The Court then turned to Relator's response brief. It stated that "O'Laughlin simply responds, in four sentences, that the Third Amended Complaint corrects the deficiency the Court articulated in its 2020 Order . . . Unfortunately for O'Laughlin, he fails to provide any relevant

regulations or federal law that support his argument; . . . ." (*Id.*). The Court recognized this matter's tortured history and affirmed that Relator "has been given several opportunities to amend his complaint, so the Court will not accept bare-bones assertions as adequate to state a claim." (*Id.*). It also noted Relator's failure to respond to Defendants' argument that only two codes included professional components and those services did not need to be performed on the premises. (*Id.* at p. 9, PageID#2049). The Court concluded that, by offering no response, "O'Laughlin has likewise waived his opposition to dismissal of these counts by failing to respond to Defendants' argument. Accordingly, Counts III and IV are **dismissed**." (*Id.*) (emphasis in original). In his present Motion, Relator urges that the Court misunderstood his arguments. Clearly, the record demonstrates that this is not a situation in which the Relator made arguments in the course of defending his pleadings against Rule 12(b)(6) scrutiny which were misunderstood by the Court. Much to the contrary, Relator abjectly failed to present the very arguments that he now claims were misunderstood. As will be discussed at length, below, the Sixth Circuit does not allow for arguments to be presented *de novo* in a Motion to Reconsider, and Relator's attempt to do so is wholly improper.

The Court analyzed the other Counts before dismissing almost all of Relator's claims. (*Id.* at p. 14, PageID#2054). About two hours after the Court entered this Memorandum Opinion and Order, Relator filed the current Motion for Reconsideration.[1] (DN 142). In it, Relator raised a

[1] In-between Relator's first Motion for Reconsideration and the current Motion for Reconsideration, Relator actually filed *another* Motion for Reconsideration. (Rel.'s Motion for Limited Reconsideration or, in the alternative, For a Clarification of the Order, DN 137). This Motion was in regards to discovery-related motions filed by the parties and asked the Court to consider one point in its Order, which is similar to what Relator is now attempting to do. (*See id.* at p. 1, PageID#2008). In their response, Defendants pointed out that their counsel had attempted to collaborate with Relator in such a way as to render that Motion unnecessary: Defendants' counsel explained that he had interpreted the Court's Order as providing the relief Relator was requesting and asked if they could move the case forward by focusing on other issues. (Defs.' Resp., DN 139, p. 2, PageID#2017). Relator refused to withdraw his Motion, though, and insisted upon the Court repeating itself—which it did when it summarily granted his Motion by noting that the "Court's prior Order provides the relief that the Relator now seeks, . . . ." (Order, DN 140, p. 4, PageID#2040). Hence, the Court can review this matter's procedural history and see that—similar to his unending attempts to amend his pleadings—he has made *consistent* use of Motions for Reconsideration, only one of which was successful since he was merely asking the Court to (again) grant him the relief it had originally granted.

series of arguments regarding Counts III and IV that he *did not* raise in response to Defendants' Motion to Dismiss. First, he noted for the first time that Counts III and IV are not limited to just two codes and referred to Table II from the Third Amended Complaint, which lists fourteen codes. (*Id.* at p. 2, PageID#2057).

Relator then incorrectly stated that the "import of [Table II], . . . *was* explained by Dr. O'Laughlin, in his Opposition to Defendant's MTD [sic] on page 14 . . . ." (*Id.*) (internal citation omitted and emphasis in original). As explained in detail below, this statement completely misconstrues and over-extends the "expla[nation]" concerning Table II found in Relator's Response brief. In short, Relator offered *no* explanation for the "import" of Table II and, instead, merely referenced it without any supporting detail.

Then, Relator's Motion for Reconsideration cited a portion of the 2020 Opinion and Order that was supposedly what he implicitly relied on in his response brief—despite the fact that he did not include that quoted portion at *any* point in his response brief. (*Id.* at p. 3, PageID#2058). He finally summarized his last-ditch argument concerning Counts III and IV by stating "the Third Amended Complaint correctly and adequately alleges: (1) services (codes) that have professional components that must be directly supervised by physicians; and (2) that no physician supervised the provision of these services, and no physician was on the premises at the time, so that direct supervision could not have occurred.[]" (*Id.*) (footnote omitted).

## ARGUMENT

Because Relator's Motion for Reconsideration is nothing more than an attempt to raise all of the arguments that Relator could—and should—have made in responding to Defendants' Motion to Dismiss, it is improperly submitted under clear Sixth Circuit law and must be denied. Motions for reconsideration are generally viewed as motions to alter or amend a judgment under

Rule 59(e). *Massey v. Bell South Telecomms., LLC*, No. 3:12-CV-00656-H, 2014 WL 6801301, at *3 (W.D. Ky. Dec. 2, 2014). "These motions are extraordinary in nature and so should only be granted sparingly. The Court will grant a Rule 59 motion in four circumstances: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) the need to prevent manifest injustice." *Id.* (citing *GenCorp, Inc. v. Amer. Inter. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Importantly, Rule 59(e) *cannot* be used to re-argue a case or to make arguments the party could have made originally. "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments he should have developed prior to judgment." *Woo v. Spackman*, 988 F.3d 47, 53 (1st Cir. 2021) (internal quotation omitted); *see also Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015) ("As we have held time and again, however, a Rule 59(e) motion does not provide a vehicle for a party to undo its own procedural failures or . . . advance arguments that could and should have been presented to the district court prior to judgment.") (internal quotations omitted). The Sixth Circuit views motions under Rule 59(e) in the same way: these are *not* vehicles through which parties can present arguments they should have presented originally or attempt to raise the same argument in a slightly different way. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case . . . Because the Lac Vieux could have, but did not raise their argument before the district court ruled on the motion to compel compliance, the argument *is barred*.") (internal citations omitted and emphasis added).

In this instance, Relator has not moved for reconsideration under any of the four grounds identified above. He has not argued that the Court made a clear error of law; that there is newly-

discovered evidence relevant to his claims; that there has been any change in controlling law; or that there is a need to prevent manifest injustice. Instead, he places the blame at the Court's feet by arguing that the "Court misunderstood his argument regarding the lack of any supervision of radiology services as addressed in Counts III and IV of the Third Amended Complaint." (Mot. for Reconsideration, DN 142, p. 2, PageID#2057). This is not one of the identified grounds that could afford a party relief under Rule 59(e), nor did Relator cite any Sixth Circuit law supporting his position that such a ground is available to him. Accordingly, his Motion is flawed from the start.

As to its merits, though, for a party—such as Relator—to claim that he is entitled to relief because the court "misunderstood" an argument, the party must have actually presented the argument that was supposedly misconstrued by the court. *See Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-cv-552, 2014 WL 546016, at *2 (S.D. Ohio Feb. 10, 2014). In *Procter & Gamble*, the Defendants moved for reconsideration on the basis that the plaintiff and the court misunderstood a particular nuance in their proposed construction of a patent claim. *Id.* The court summarily denied their request for relief due to the fact that they had not previously raised the argument they were belatedly trying to introduce:

> However, Defendants waived this argument by not raising it at the appropriate time and, further, Defendants have not presented any justification for their failure to do so. Plaintiff made its understanding of Defendants' proposal crystal clear in its briefs and at the *Markman* hearing and Defendants did not correct it nor mention this alleged intended construction at any point.

*Id.*

Relator's Motion for Reconsideration must be denied for the same reasons. The Court's holding regarding Counts III and IV was not surprising: it was derived from the arguments raised in Defendants' Motion to Dismiss. The Court's statement that only two codes under Counts III and IV contain professional components was pulled directly from Defendant's Motion to Dismiss.

(*Compare* Memo. Op. & Order, DN 141, p. 8, PageID#2048, *with* Mot. to Dismiss, DN 125, pp. 19-20, PageID#1852-53). These two codes were the only ones with professional components pleaded in the claims examples put forth by the Relator in Counts III and IV, and Defendants put these two codes directly at issue before Relator filed his response brief and before the Court made any decision. Yet, in Relator's response brief, he made no mention of these two codes or *any other codes* that he now believes are relevant. (*See* Relator's Resp., DN 131, p. 17, PageID#1960). Moreover, he chose not to respond to Defendants' argument that the two codes with professional components under Counts III and IV are for professional services that do not have to be performed on the premises.[2] (*See* Mot. to Dismiss, p. 20, PageID#1853; *see also* Memo. Op. & Order, DN 141, p. 9, PageID#2049 ("O'Laughlin offers no response to these arguments.")).

Accordingly, Relator is wrong to say in his Motion for Reconsideration that he did respond to these arguments. (Mot. for Reconsideration, DN 142, p. 3, PageID#2058). In response to Defendants' pointing out that only two codes contained professional components, Relator did *not* refer to Table II of the Third Amended Complaint, as he now claims. (*See id.* at 2-3, PageID#2057-58). Instead, he said that the Third Amended Complaint alleges "that *no* physician performed or supervised *the specified services that were billed*; . . . ." (Resp., DN 131, p. 17, PageID#1960) (first emphasis in original). He then included citations to multiple paragraphs from the Third

[2] As mentioned above, Defendants pointed out Relator's failure to respond to these arguments in their reply brief. (Defs.' Reply, DN 135, pp. 5-6, PageID#1983-84). If, as Relator now contends, Defendants were incorrect and Relator *had* actually responded to these arguments, he could have attempted to explain this prior to the Court's judgment against him. While sur-reply briefs are not generally favored, they are not strictly forbidden and are appropriate in certain instances. *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022). One court in the Southern District of Ohio recognized that good cause for sur-replies can exist "where a party seeks to clarify misstatements contained in the reply brief." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 593 F. Supp. 3d 737, 744-45 (S.D. Ohio 2022) (internal citation omitted). Accordingly, Relator could have moved for leave to enter a sur-reply had he actually thought the Defendants were incorrect when they stated he had not responded to their arguments—as he now is attempting to do. While it would have still been a belated attempt, it would have been within the briefing cycle and *before* the Court issued its Opinion and Order. This omission further evidences Relator's negligence in attempting to appropriately sustain the claims from the Third Amended Complaint.

Amended Complaint, and *none* of these paragraphs included Table II. (*Id.*). He referenced only paragraphs included under Counts III and IV. Hence, in his response brief, Relator *did not* refer to or rely upon Table II in any way; he referenced and relied upon the specific allegations pled under Counts III and IV. Relator's current arguments are simply revisionist history.

Moreover, Table II was included in the Third Amended Complaint solely for informational purposes—not for specific allegations concerning any allegedly fraudulent behavior. This Table is found in "Section E" of the Third Amended Complaint, which provides a general overview of radiation oncology services. (*See* Third Amend. Compl., DN 124, § E, ¶¶ 27-39). It is included alongside definitions of radiation oncology and various treatments. Table II and "Section E" overall contain no specific allegations of fraudulent services allegedly provided/submitted by any or all of the Defendants. Rather, those allegations are included in Relator's several causes of action where, for Counts III and IV, Relator mentioned only two codes with professional components.

Further, he did not discuss the "import of" Table II in his response to Defendants' Motion to Dismiss. (*See* Mot. for Reconsideration, DN 142, p. 2, PageID#2057). The extent to which Relator discussed Table II in his response brief is as follows:

> Radiation oncology services have professional and technical components. *Table II in the Third Amended Complaint identifies which relevant services, by billing code, have which components.*[]

(Resp., DN 131, p. 14, PageID#1957) (emphasis added and footnote omitted).

Essentially, Relator said that some codes listed in Table II have professional components, some have technical components, and some have both. Relator did not tie these codes to any claims presented by the Defendants within his response brief. Further, this statement is found within Relator's argument section concerning Counts I and II—not Counts III and IV—and does not do anything beyond stating that radiation oncology services with either or both of professional and

technical components are identified in Table II. Relator made no attempt to explain the relevance of those specific codes as to *any* of his causes of action, let alone Counts III and IV.

More specifically—and contrary to Relator's representation to the Court now—he did not "identif[y] the codes having professional components that must be supervised by a physician" in Table II. (Motion for Reconsideration, DN 142, p. 3, PageID#2058). *Even if* Relator had directed the Court to Table II in response to Defendants' Motion to Dismiss, Table II does not sufficiently support his Counts III and IV. Relator now states that there are 14 codes at issue as opposed to only two and relies upon Table II for this statement. (*Id.* at p. 2, PageID#2057). True, Table II does include 14 codes. But, on its own, Table II does not "identif[y] the codes having professional components that must be supervised by a physician." (*Id.* at 3, PageID#2058). For one, not all of the 14 codes listed in Table II even have professional components. Each of 77413, 77418, G6013, and G6015 are included in Table II and are identified as having only technical components. (Third Amend. Compl., DN 124, ¶ 33, pp. 11-12, PageID##1775-76). Consequently, these codes cannot support Relator's Counts III and IV because they are not "codes having professional components that must be supervised by a physician". (*See* Mot. for Reconsideration, DN 142, p. 3, PageID#2058).

Further, as Defendants pointed out in their Motion to Dismiss (and as Relator has continued to ignore), certain codes with professional components do not have to be performed on the premises. (Mot. to Dismiss, DN 125, p. 20, PageID#1853 (identifying that 77421 and 78815 both have professional components that do not have to be provided on-site in order to be reimbursable)). Hence, not all of the codes listed under Table II can plausibly be included under Counts III and IV. Consequently, even if Relator had directed the Court to Table II in responding to Defendants' Motion to Dismiss (which he did not), one would still be left wondering what codes included on

Table II are relevant to Counts III and IV without further explanation from Relator—which he still has not provided. Hence, through his own failures to offer substantive support, Relator cannot argue that the Court "misunderstood" his oblique reference to the "import of" Table II. He never explained the importance of Table II as to Counts III and IV and his misguided attempt to do so now fails.

Further, Relator is entirely wrong to say that he relied upon anything from the 2020 Opinion and Order. (Mot. for Reconsideration, DN 142, p. 3, PageID#2058). Again, Relator made no attempt to rely on the 2020 Opinion and Order prior to his Motion for Reconsideration. In the entirety of his 23-page response brief, Relator does not ever reference, quote, cite, or in any way indicate that he is "rel[ying] upon" the excerpt from the 2020 Opinion and Order that is included in his Motion for Reconsideration. If Relator believed that this excerpt was supportive to his claims, then it was on him to point out this particular quote from an opinion and order issued two years ago. He did not. Therefore, any reliance on this excerpt is misplaced and his argument is waived. *Swanigan v. FCA US LLC*, 938 F.3d 779, 786 (6th Cir. 2019) ("[T]his court also deems issues not raised in response to dispositive motions forfeited.") (internal citation omitted).

However, even if Relator had referenced this quote from the 2020 Opinion and Order, his description of it now makes clear that he severely misunderstands its significance. This quoted portion does not support Relator's Counts III and IV. For one, the specific quote seemingly relied upon by Relator was merely dicta. In his Motion for Reconsideration, Relator draws the Court's attention to its prior statement that "[w]hile Relator correctly asserts—and Defendants concede—that the Medicare Benefit Policy Manual requires 'direct supervision' by a physician of radiation oncology services, . . . ." (Mot. for Reconsideration, DN 142, p. 3, PageID#2058) (internal alteration omitted). However, this was not the issue before the Court in the 2020 Opinion and

Order, which analyzed Relator's first Amended Complaint. The Amended Complaint alleged that "certain radiation services were *supervised* by Dr. O'Laughlin or another radiation oncologist . . . ." (2020 Op. & Order, DN 76, p. 10, PageID#775) (emphasis in original). Defendants moved to dismiss these aspects of these counts because there was no CMS regulatory or other guidance that required such a level of supervision. (*Id.* at pp. 10-11, PageID#775-76). While agreeing with Defendants that Relator had failed to support this supervision requirement, the Court made the offhand statement that Relator now is attempting to rely upon. But this comment—in no way—was the Court somehow "rul[ing] in [Relator's] favor and against the Defendants . . . ." (Mot. for Reconsideration, DN 142, p. 3, PageID#2058). To the contrary, the actual *substance* of the 2020 Opinion and Order here (which Relator chose to conveniently ignore) ruled *against* Relator and dismissed his specialized supervision requirement. (2020 Op. & Order, DN 76, p. 13, PageID#778). Because the Court's *actual* ruling is unrelated to Relator's Counts III and IV, his reliance upon this quote is sorely misplaced.

But, even more importantly, Relator is still required to identify in the Third Amended Complaint particular codes with professional components requiring physician supervision. His ability to rely on a set of pleadings from over two years ago (and that has been superseded by two subsequent sets of pleadings) is non-existent. The 2020 Opinion and Order reviewed the first Amended Complaint, not the Third Amended Complaint, and the current Counts III and IV were not included in the Amended Complaint. The codes included in the Amended Complaint were not the same as the codes included in the Third Amended Complaint, either. For instance, 77334, 78812, and G6015 are all included in Table II of the Third Amended Complaint. (Third Amend. Compl., DN 124, ¶ 33, pp. 11-12, PageID#1775-76). But none of these were included in Table II from the Amended Complaint, which included the supervision standards being discussed by the

Court in the quoted excerpt from the 2020 Opinion and Order. (Amend. Compl., DN 53, ¶ 39, pp. 13-14, PageID##341-42). The same is true when comparing codes included in the Amended Complaint to the Third Amended Complaint: as explained by Relator himself, certain codes in the Amended Complaint were not included in the Third Amended Complaint. (*See* Resp., DN 102, pp. 10-11, PageID##1079-80 (". . . the proposed Third Amended Complaint *removes these codes* . . . .") (emphasis in original)).

Accordingly, Relator's secret reliance upon a quoted excerpt from the 2020 Opinion and Order is sorely misguided. The Amended Complaint is not the same as the Third Amended Complaint—a point Relator himself has made. The Amended Complaint did *not* include the Counts III and IV that are alleged in the Third Amended Complaint. Moreover, the codes regarding supervision requirements from the Amended Complaint are not the same as the codes included in Table II of the Third Amended Complaint. It was Relator's burden *now* in creating the Third Amended Complaint and then defending it against Defendants' specific arguments to sustain those counts. He was required to identify the specific codes that he believed were relevant to his Counts III and IV in responding to Defendants' Motion to Dismiss. An oblique reference to an out-of-context quote from an opinion issued two years ago that reviewed entirely different claims and codes does not satisfy this burden.

And, even if Relator was somehow correct in relying on the 2020 Opinion and Order (which he is not), the fact remains that—when given the opportunity to present it to the Court prior to any judgment—*he failed to do so*. As the Court itself noted in its current Memorandum Opinion and Order, "O'Laughlin has been given several opportunities to amend his complaint, so the Court will not accept bare-bones assertions as adequate to state a claim." (Memo. Op. & Order, DN 141, p. 9, PageID#2049) (internal citation omitted). Had Relator fulfilled his obligations in supporting

his claims, the parties and the Court could have considered the significance, if any, of the 2020 Opinion and Order through the proper briefing cycle. Instead, he sat back in silence and is only now attempting to raise an argument that was clearly available to him prior to the Court entering judgment against him. This last-ditch effort to avoid the consequences of his own negligence is expressly prohibited within the Sixth Circuit—a point which has already been expressed to Relator by the Court. (8/30/2021 Memo. Op. & Order, DN 97, p. 4, PageID#1058 ("Although district courts have significant discretion to reconsider prior, interlocutory rulings, motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." (internal quotations omitted)).

## CONCLUSION

In their Motion to Dismiss, Defendants raised the precise issues relied upon by the Court when it dismissed Counts III and IV. Instead of attempting to rebut those issues through the (faulty) arguments he now raises, Relator made no effort to respond with any kind of substance. The Court can easily review his response to Defendants' Motion to Dismiss and see that it correctly noted that Relator made "bare-bones assertions" and then "offer[ed] no response to these arguments." (Memo. Op. & Order, DN 141, pp. 9, PageID#2049). His decision to sit back and do nothing must bear the natural consequences: any arguments that he should and could have made were waived. Defendants fulfilled their required obligations under the Rules and should not be punished for Relator's dereliction of his duties. If the arguments were so simply made that he could submit an entirely new Motion within two hours of the Court's decision, then there is absolutely no reason why Relator could not have timely presented those same arguments in his initial brief. This Court has extended multiple opportunities to Relator to continuously refine his pleadings, but that generosity cannot continue when Relator's last-ditch efforts fly in the face of clear Sixth Circuit

law. For these reasons, Defendants respectfully request that the Court deny Relator's Motion for Reconsideration.

Respectfully submitted,
*/s/ Christopher A. Melton*
Christopher A. Melton
Victoria Boland Fuller
Jake Eldemire-Smith
cmelton@wyattfirm.com
vfuller@wyattfirm.com
jeldemiresmith@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
Telephone: 502.589.5235
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on **December 13, 2022,** the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the Parties.

*/s/ Christopher A. Melton*
Christopher A. Melton

101017534.3