**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**Ashland Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| ***ex rel.* ROBERT C. O'LAUGHLIN, M.D.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **NO. 0:16-CV-148-DLB** |
| **RADIATION THERAPY SERVICES, P.S.C.,** | ) | |
| **dba ASHLAND BELLEFONTE CANCER** | ) | |
| **CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY OF RELATOR ROBERT C. O'LAUGHIN, M.D. TO DEFENDANTS' OPPOSITION TO HIS MOTION FOR LIMITED RECONSIDERATION OF THE ORDER ON DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Robert C. O'Laughlin, M.D. ("Dr. O'Laughlin"), the Plaintiff and Relator in this matter, acting through his undersigned attorney, hereby submits his reply to the Defendants' Opposition (Dkt. 149) to his Motion for Limited Reconsideration (Dkt. 142) of this Honorable Court's Order (the "Order," Doc. 141) on the Defendants' Motion to Dismiss the Third Amended Complaint ("MTD").

In response to Dr. O'Laughlin's (less than) four-page motion for reconsideration, the Defendants have filed a twenty-page opposition. Rather than attempting to open-endedly re-argue matters already decided by, or brief for, the Court, Dr. O'Laughlin will again limit himself to the four corners of his Complaint, this Court's prior holdings, and his previous arguments.

## MEMORANDUM

### A. The Complaint Alleges that Services Having Professional Components Were Provided Without Physician Performance or Supervision

We start with the Court's language found in its Order of October 20, 2020 (Dkt. 76), granting in part and denying in part Dr. O'Laughlin's Amended Complaint. With regard to the billing of physicians' services, this Court said:

> [T]he Amended Complaint identifies allegedly false claims for radiation oncology services that appear to correspond specifically to physician services, as opposed to services performed by technical staff. For example, Relator alleges that Defendants improperly billed for services falling outside the range labeled as "technical" by the Claims Processing Manual (codes 77401-77416). (See, e.g., Doc. # 53 at 22-23). In his response brief, Dr. O'Laughlin explains that some of the billing codes for radiation oncology services identified in the Amended Complaint correspond to "Physician Level 2," as established by the Medicare Physician Fee Schedule. (See Doc. # 66 at 7) (identifying codes 77421TC, 77427, and G6013). *The Medicare Fee Schedule allows for certain services to be split into a professional component and technical component, which can be billed separately.* See Medicare Claims Processing Manual Ch. 23, § 50.6. "Physician Level 2" denotes a "professional component only code" meaning that it "describe[s] the physician work portion of the selected diagnostic tests for which there is an associated code that describes the technical component of the diagnosis." Id. (emphasis added). *Thus, Relator has adequately alleged that at least some of the radiation services at issue were not purely technical services, and rather, were required to have been performed by physicians.*

(Page ID# 774-75 (emphasis added.)

The Third Amended Complaint ("TAC", Dkt. 124) contains Table II (Page ID# 1776-77). This table is incorporated into Count III (see paragraph 76, Page ID# 1793) and Count IV. This table expressly identifies those radiation oncology services that have professional components and those that do not. Of the fourteen services listed in this table (by their CPT Codes), ten have professional components. Of these ten, the Defendants challenged only *two* of them, these being 77421 and 78815. (Page ID# 1852-53.)

Paragraphs 79 and 80 of Count III of the TAC expressly include the allegations that *no physician* performed or supervised services, *whether technical or otherwise* (i.e., including professional). The charging language for Count III, paragraphs 105-06 (Page ID# 1802), clearly alleges the scope of the claims asserted. *Inter alia*, these paragraphs read:

> 105. During a period beginning on an unknown date prior to July, 2012, and continuing until an unknown date after October, 2015, the Defendants, acting directly and in concert with each other, knowingly presented and caused to be presented to these and additional Contractors false and fraudulent claims for the above-specified services, *and additional claims for* (a) additional services for the above-specified patients, and *(b) services for other patients, with all additional claims, services, patients, and Contractors to be identified at trial.*
>
> 106. All of the aforesaid claims were false and fraudulent in that each such claim certified, expressly or impliedly:
>
> * * * * *
>
> (b) that a physician provided, or personally or directly supervised these services provided to these patients, whereas in truth and in fact, as the Defendants then well knew, *no physician provided or personally or directly supervised these services*.

(Emphasis added.)

Looking at the four corners of the Complaint, several codes that have professional components are alleged to have been provided and billed without the presence of a physician, but were not challenged by the Defendants.[1] These codes, contained in Table II, include 77014[2], 77280[3], 77290[4], 77334[5], and 77338[6]. An examination of Table I (Page ID# 1774, also incorporated into Count II and IV) shows that the codes pertain to on-premises services. In other words, Dr.

---

[1] With regards to factual allegations, Rule 8 of the Federal Rules of Civil Procedure requires only that a pleading must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(b).[1] Rule 9(b) adds the further requirement that, where fraud is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." Dr. O'Laughlin satisfied these requirements.

[2] Patient P-10, Table V (Page ID# 1786).
[3] Patient P-3, Table IV (Page ID# 1785); Patient P-10, Table V (Page ID# 1786).
[4] Patient P-3, Table IV (Page ID# 1785); Patient P-10, Table V (Page ID# 1786).
[5] Patient P-3, Table IV (Page ID# 1785); Patient P-10, Table V (Page ID# 1786).
[6] Patient P-3, Table IV (Page ID# 1785).

O'Laughlin did *not* limit himself to the few examples of codes cited in the Patient Tables found in Count III—that is something that the Defendants construed in their motion to dismiss.

To the extent that Counts II and IV are limited to claims where (1) a physician *whether or not* qualified for radiation oncology, (2) had *to be on the premises* when and where services were provided (so as to perform or supervise such services), and (3) such services included *professional components*, the Complaint adequately alleges that claims presented by the Defendants were false or fraudulent.

The Defendants also argue that the physician supervision requirements "do not apply" for codes 77421 and 78815. (Page ID# 1884-85.) As Dr. O'Laughlin previously explained (in his Opposition (Dkt. 66) to the Defendants' Motion to Dismiss the Amended Complaint (Dkt. 58-2)), the concept of a professional versus technical component for these codes "does not apply" because the procedure *cannot be split between the two* service components (Page ID# 498-99):

> The term "concept does not apply" for level 09 does not mean that a physician's participation in the service is not required. Instead, it means that the service cannot be split for reimbursement purposes into a physician-service component and a (separately billable) technical component performed by a technician or other professional. The physician can either perform the service him/herself, or delegate provision of the service to an appropriately qualified medical professional, e.g., a radiation therapist (or technician), under his/her supervision. Either way, only one charge is reimbursable by CMS, payable as if it had been performed directly by the physician. See 42 C.F.R. § 414.34(b). Under Kentucky law, as incorporated by the CMS regulations, the supervising physician must be a radiation oncologist (see infra).

(Page ID# 499.)[7]

---

[7] As explained by the American Medical Association:

> According to the CPT code and CMS, the definition for an 09 level is "Concept does not apply", meaning the supervision requirements do not apply. This then can be interpreted as the physician has the discretion as to how the procedure is performed and by whom. According to state physician licensing laws, the physician has the authority to delegate tasks and responsibilities to other health professionals, provided that individual has the educational background and competence to perform the duties. Hence, any 09 code procedures can be delegated by the physician. **[Continued . . . .]**

### B. Other Issues Raised by the Defendants

The Defendants raised additional issues not mentioned in Dr. O'Laughlin's Motion. We quickly address two of these.

The Defendants assert that "despite [Dr. O'Laughlin's] clear intent to rely on [his] Third Amended Complaint, he never moved for leave under Rule 15(a)(2) to actually submit it to the Court." (Dkt. 149, Page ID# 2228.) To the contrary, during the telephonic hearing held before this Honorable Court on March 18, 2022, Dr. O'Laughlin's expressly asked this Court for leave to file his Third Amended Complaint (Dkt. 124) with a caption different from that attached an exhibit to his Opposition to the Defendants' Motion to Dismiss (Dkt 102-1); and this Court expressly allowed him to do so, stating in its written Order: "For the reasons provided and discussed below, this Court will allow Relator to file a final and Third Amended Complaint." (Dkt. 123, Page ID# 1758.) The Third Amended Complaint was thereafter separately filed.

In a footnote (Page ID# 2232), the Defendants attack the fact Dr. O'Laughlin had previously filed two motions for reconsideration, during the course of the six years that this litigation has been pending. The Defendants ignore the fact that *they opposed* his second such motion[8]; that the Magistrate Judge ordered the Defendants to respond to the motion (Dkt. 138); and that the Magistrate Judge *granted* the alternate relief sought by Dr. O'Laughlin, this being a

---

AMA-CPT Codes and CMS Regulations (footnotes omitted) at http://cbrpa.org/wpcontent/uploads/2013/03/2013-AMA-CPTCodesCMSRegulations.pdf.

As explained by John Verhovshel, otherwise quoted by the Defendants in their Reply in Support to their Motion to Dismiss (Dkt. 135, Page ID# 1984), "For instance, the concept of physician supervision would not apply to surgical procedures such as 29806 Arthroscopy, shoulder, surgical; capsulorrhaphy." Understanding Medicare Physician Supervision," AAPC, https://www.aapc.com/blog/26162-understand-medicare-physician-supervision-requirements/. Put another way, when a provider must have the requisite skill to perform a particular service, such as surgery, the physician must perform the service himself, or delegate it to someone with the same level or skill. This is the meaning of an 09n level. The same is true for radiation oncology services.

[8] Dkt. 139, "Motion of Relator Robert C. O'Laughlin for Limited Reconsideration of the Order on Defendant's Motion for a Protective Order or, in the Alternative, for a Clarification of the Order" (Page ID# 137).

clarification of the pertinent discovery order. (Order, Dkt. 14, at Page ID# 2040.) Given the significant adversarial nature of this litigation to-date, particularly with regards to the scope of discovery, Dr. O'Laughlin might be excused from having sought a judicial interpretation of a discovery order rather than assume the parties would read it the same way with or without further discussions.

## CONCLUSION

With regards to Counts III and IV of the Third Amendment Complaint and the Defendants' Motion to Dismiss these counts, Dr. O'Laughlin asks this Court to deny the motion to the extent that Counts II and IV, clarifying that these counts are limited to claims for services where:

(1) a physician, *whether or not* qualified for radiation oncology;

(2) *had to be on the premises* when and where services the services were provided (i.e., to provide or supervise such services); and

(3) such services included *professional components*.

In all other regards, Dr. O'Laughlin withdraws his opposition to the Motion to Dismiss these counts.

By: /S/ Andrew Grosso

Andrew Grosso, Esq. (D.C Bar No. 358326)
*Pro Hac Vice*
ANDREW GROSSO & ASSOCIATES
1101 Thirtieth Street, NW, Suite 500
Washington, D.C. 20007
Telephone: (202) 298-6500
Email: Agrosso@acm.org

*Attorney for Relator Robert C. O'Laughlin, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon the United States this 27th day of December 2022, by Electronic Service to all counsel of record.

/S Andrew Grosso
Andrew Grosso, Esq.