UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

**Civil Action No. 0:16-CV-148**

**UNITED STATES OF AMERICA**
*ex rel.* **ROBERT C. O'LAUGHLIN, M.D.,** Plaintiff,

v.

**RADIATION THERAPY SERVICES, P.S.C., d/b/a ASHLAND BELLEFONTE CANCER CENTER; KIRTI K. JAIN, M.D., P.S.C., d/b/a HIGHLANDS CANCER CENTER; LOGAN ONCOLOGY CARE ASSOCIATES, LLC, d/b/a LOGAN REGIONAL CANCER CENTER; A ONE BIZ SOLUTIONS, LLC;** and **KIRTI K. JAIN, M.D.,** Defendants.

---

**UNITED STATES' STATEMENT OF INTEREST IN RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

---

The United States of America submits this Statement of Interest pursuant to 28 U.S.C. § 517 in response to the Motion to Compel filed by Defendants Radiation Therapy Services, P.S.C. d/b/a Ashland Bellefonte Cancer Center; Kirti K. Jain, M.D., P.S.C. d/b/a Highlands Cancer Center; A One Biz Solutions LLC; Kirti K. Jain, M.D.; and Manish Jain (collectively, the "Defendants") (DN 161). Although the United States has not intervened in this *qui tam* action,[1] it remains the real party in interest and retains a stake in ensuring that this matter does not compromise the claims of the Government. *See United States ex rel.*

[1] On August 12, 2019, the United States notified the Court that it would not intervene in this action, except in part for settlement purposes in the portion of Relator Robert O'Laughlin's *qui tam* complaint that alleged FCA violations against defendant Logan Oncology Care Associates, LLC. (DN 34.)

*Doyle v. Health Possibilities, P.S.C.*, 207 F.3d 335, 341–42 (6th Cir. 2000); *Hopson v. Cunningham*, No. 3:13-CV-226-H, 2013 WL 3790908, at *2 (W.D. Ky. July 19, 2013). In addition, because the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33, is the Government's primary tool to combat fraud in federal programs, the United States has a substantial interest in the development of law in this area.

Defendants have moved to compel production of Relator's confidential disclosure statement, submitted as required by § 3730(b)(2) of the FCA. (DN 161 at 10–14). The United States respectfully submits this Statement of Interest to assist the Court in properly framing the analysis of this issue and otherwise takes no position on the merits of Defendants' Motion or the merits of the allegations set forth in Relator's Complaint.

## I. Relator's Disclosure Statement is Protected by the Work Product Doctrine

The FCA "prohibits submitting false or fraudulent claims for payment to the United States and authorizes *qui tam* suits, in which private parties bring civil actions in the Government's name[.]" *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 404 (2011) (internal citations omitted) (citing 31 U.S.C. §§ 3729(a), § 3730(b)). When a *qui tam* suit is filed by private persons, called "relators," the United States remains the real party in interest. *See Doyle*, 207 F.3d at 341–42; *Hopson,* 2013 WL 3790908, at *2. The FCA mandates that relators file their complaint under seal and simultaneously submit to the United States a "written disclosure of substantially all material evidence and information [that they] possess[]" concerning their allegations. 31 U.S.C. § 3730(b)(2). Significantly, the relator's statement of material evidence, also referred to as a disclosure statement or a relator's statement, is not filed with the court or served upon the defendants; its function is solely to

provide the United States with a basis for commencing an investigation of relator's allegations, as expressly required by the FCA. 31 U.S.C. § 3730(a), (b)(2).[2]

The "majority" of courts agree that a relator's disclosure statement is prepared in anticipation of litigation and is protected under the work product doctrine. *United States ex rel. Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 1546504, at *4 (M.D. Fla. Apr. 15, 2016) (collecting cases). *See also United States ex rel. Bagley v. TRW Inc.*, 212 F.R.D. 554, 562 (C.D. Cal. 2003); *Weber*, Ex. 1 at 6 ("The disclosure statement was clearly prepared by a party in anticipation of litigation.").

Codified in Rule 26 of the Federal Rules of Civil Procedure, the work product doctrine generally prohibits the discovery of materials prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3). *See also United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). Rule 26 distinguishes between two types of work product: "opinion" work product and ordinary, or "fact," work product, which is the "written or oral information transmitted to the attorney and recorded as conveyed by the client." *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) (hereinafter *In re Columbia*). Fact work product is subject to disclosure **only** if "the party shows that it has substantial need for the materials to prepare its case ***and*** cannot, without undue hardship, obtain their substantial

[2] Congress amended the FCA in 1986, specifically adding the requirement that *qui tam* cases be filed under seal and *in camera*, "to encourage more private enforcement suits." S. Rep. No. at 23–24 (1986), reprinted in 1986 U.S.C.C.A.N. 5289. Thus, "while the False Claims Act does not address production of this disclosure statement, the underlying policy concerns would support a conclusion that the disclosure statement should be kept confidential in order to encourage reporting of fraudulent schemes." *United States ex rel. Weber v. Hughes Aircraft Co.*, No. CV 89-6517 JGD at 7 (C.D. Cal. Apr. 23, 1992) (denying motion for review and reconsideration of denial of motion to compel) (attached as Ex. 1).

equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii) (emphasis added). Rule 26 expressly provides a much higher level of protection to opinion work product, requiring courts to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B); *see also In re Columbia*, 293 F.3d at 294 (A "party may not obtain the 'opinion' work product of his adversary").

Consistent with Rule 26, numerous courts to consider the issue have held that the entire disclosure statement constitutes opinion work product and is not subject to disclosure. *Bagley*, 212 F.R.D. 554, 562–65 (C.D. Cal. 2003) (finding that the disclosure statement contained facts "interwoven with analysis, opinion, and conclusions" and that the "selection, organization, and characterization" of facts revealed the mental impressions and opinions of the relator and his counsel); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 684 (S.D. Cal. 1996) ("[I]t would be difficult for the court to see how [disclosure statements] could be characterized as anything other than 'opinion-work product'"); *United States ex rel. Taxpayers Against Fraud v. Teledyne Ind.*, No. CV 90-4996-Kn (C.D. Cal. Mar. 16, 1993) (attached as Ex. 2). *See also Bingham*, 2016 WL 1546504, at *6 (noting that "a clear line cannot be drawn between what constitutes opinion work product and what constitutes fact work product" because "factual portions of the disclosure statement reveal the relator and counsel's mental impressions in that they reflect their analysis and selection of certain facts, which in turn reflects their insight and impressions of the case, and thus cannot simply be extracted").

Even where courts have not specifically held that a relator's disclosure statement is wholly protected from disclosure as opinion work product, most have found that disclosure statements are "at least" ordinary work product and therefore only discoverable if a "Defendant shows that it has 'substantial need' for the document and that it 'cannot, without undue hardship, obtain [its] substantial equivalent by other means.'" *Bingham*, 2016 WL 1546504, at *6 (quoting Fed. R. Civ. P. 26(b)(3)(A)); *United States ex rel. Fisher v. JPMorgan Chase Bank N.A.*, No. 4:16-CV-00395, 2020 WL 3265060, at *6 (E.D. Tex. June 17, 2020) (hereinafter *Fisher v. JPMorgan*).

Courts have routinely held that until depositions and other fact discovery is complete, there can be no showing of substantial need. *See, e.g., Bingham*, 2016 WL 1546504, at *6–7 (defendant did not demonstrate substantial need and undue hardship because discovery was ongoing); *United States ex rel. John Doe v. Health First Inc. et al.*, No. 6:14-cv-501-Orl-37DAB, at 6–7 (M.D. Fla. July 8, 2016) (defendants did not show substantial need or undue hardship for the relator's disclosure statement when depositions had not yet been conducted) (attached as Ex. 3); *United States v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2015 WL 4610284, at *3–4 (E.D. Tex. July 31, 2015) (defendant did not demonstrate substantial need because all factual documents that accompanied the disclosure statement were produced and they were able to depose the relators) (hereinafter "*Homeward Residential*"); *United States ex rel. Singh v. Bradford Reg'l Med. Ctr.*, No. CIV.04-186ERIE, 2007 WL 1576406 at *2–3 (W.D. Pa. May 31, 2007) ("Until the depositions are taken and other factual discovery is completed [the defendant] cannot show that they cannot obtain the substantial equivalent of the Disclosure Statements without undue hardship."); *United*

*States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, No. 00-CV-737, 2004 WL 868271, at *2 (E.D. Pa. Apr. 21, 2004) (substantial hardship not shown because parties have engaged in significant discovery and had ample opportunity to engage in discovery before trial); *United States v. Medica-Rents Co.*, No. CIV.A. 4:00-CV-483-Y, 2002 WL 1483085, at *2 (N.D. Tex. June 21, 2002) (finding, after reviewing the documents, that information they contained could be obtained through other means).

In their Motion to Compel, Defendants have indicated that they seek only "the disclosure statement's *factual* content," not "Relator's counsels' mental impressions, conclusions, opinions or legal theories to be disclosed." (DN 161 at 12) (emphasis in original). However, here, as in *Bagley* and similar cases, Relator's disclosure statement contains not only facts but also Relator's counsel's "analysis, opinion, and conclusions" and therefore, as opinion work product, enjoys an even higher level of protection from discovery. Whatever facts maybe included are inextricably intertwined with the attorney's legal conclusions and opinions. As such, the entire disclosure statement is protected from disclosure.[3]

Additionally, even if the Court determines that Relator's disclosure is fact work product, Defendants have not shown that they cannot obtain the substantial equivalent of the information in Relator's disclosure statement without undue hardship. The discovery

---

[3] The only case cited by Defendants in support of disclosure is *United States ex rel. Burns v. A.D. Roe Co.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995), but there, the relator's disclosure statement did "not contain any mental impressions, opinions or conclusions," and was instead "simply a recitation of factual information." The court in *Burns* also concluded without further analysis that information in the disclosure statement could not be obtained by other means. *Id.* at 594. By contrast, and for the reasons discussed below, the Defendants here have not made such a showing.

deadline in this matter is still eight months away, during which time the Defendants are free to serve additional discovery requests or depose the Relator about the facts that he disclosed to the Government. (DN 150.) These "basic tools of discovery"—not the disclosure of a protected document—are the appropriate method for Defendants to uncover the facts they seek. *See Bingham*, 2016 WL 1546504, at *6.

Finally, the protected status of Relator's disclosure statement as work product is undiminished by communication of the statement to the United States. *See Bagley*, 212 F.R.D. at 562 (the "relator's written disclosure to the government pursuant to [the FCA, section 3730(b)(2)] does not operate as a waiver of work product protection"). *See also Fisher v. JPMorgan*, 2020 WL 3265060, at *10 (finding that under the rubric of the common-interest privilege, "Relators did not waive work-product protection by providing their disclosure statements to the Government").

When a party seeks discovery of work product, Fed. R. Civ. P. 26(b)(3) requires a particularized inquiry as to whether the party has a substantial need for the information and whether it could obtain the information by other means without undue hardship. Defendants cannot satisfy either prong of this test. Accordingly, Relator's written disclosure statement is protected by the work product doctrine and Defendants' motion to compel its disclosure should be denied.

## II. If This Court Determines the Relator's Statement May Be Discoverable, The Court Should Conduct an In-Camera Review of Its Contents

Should this Court determine that Defendants have demonstrated both a substantial need and undue hardship, the United States requests that the Court first conduct an in-

camera review of the materials to determine the applicability of the work product protections. *See DeNardi*, 167 F.R.D. at 685 (directing relator to provide the court with copies of the disclosure materials for in camera review); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 401 (D. Colo. 1992) (court reviewed the disclosure statement in camera to determine it did not contain counsel's "mental impressions"); *United States ex rel. Grand v. Northrop*, 811 F. Supp. 333, 337 (S.D. Ohio 1992) (ordering relator to produce his disclosure statement to the court for an in camera inspection in order to redact analysis and opinions of relator's counsel). *Cf. Homeward Residential*, 2015 WL 4610284, at *4 n.2 (rejecting a relator's request for an in-camera review where he failed to show "substantial need" or "undue burden").

## III. Conclusion

For the reasons set forth above, the United States respectfully submits that Relator's disclosure statement is not discoverable but that, should the Court find Defendants have demonstrated a need for the statement, the Court should conduct an in-camera review before ordering its production to Defendants.

Respectfully submitted,

CARLTON S. SHIER
United States Attorney

By: /s/ Carrie B. Pond

Carrie B. Pond
Assistant United States Attorney
Eastern District of Kentucky
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507
859-233-2661
859-233-2533 (fax)
Carrie.Pond@usdoj.gov

*Counsel for the United States of America*

DATED: April 5, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing to all counsel of record.

/s/ *Carrie B. Pond*

Carrie B. Pond
Assistant United States Attorney