UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:16-CV-00148-DLB-EBA

UNITED STATES OF AMERICA, *ex rel.*,
ROBERT C. O'LAUGHLIN, M.D., PLAINTIFFS,

V. **MEMORANDUM OPINION & ORDER**

RADIATION THERAPY SERVICES P.S.C., d/b/a,
ASHLAND BELLEFONTE CANCER CENTER, *et al.*, DEFENDANTS.

*** *** *** ***

I

This is a *qui tam* action brought by Dr. Robert O'Laughlin under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based on the Defendants' alleged fraudulent misrepresentations to Medicare, Medicaid, and other federal programs regarding radiation oncology and chemotherapy services. [R. 52 at pgs. 1–2]. Now, O'Laughlin and Defendants move to compel discovery from each other. [R. 158; R. 161]. In this Order, the Court addresses O'Laughlin's motion to compel.[1] [R. 158]. Defendants responded in opposition to O'Laughlin's motion, [R. 162], and O'Laughlin filed a reply, [R. 163]. The matter is ripe for decision. For the reasons below, the Court will grant in part and deny in part O'Laughlin's motion.

II

Rule 26(b)(1) provides that—unless otherwise limited—"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

---

[1] The Court will address Defendants' motion to compel by subsequent order.

to the needs of the case." FED. R. CIV. P. 26(b)(1). This language is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery, however, is not without limitation. It is "well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.*

When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. FED. R. CIV. P. 37(a)(3)(B). Motions to compel may be filed where a party has failed to (1) provide a mandatory disclosure; (2) answer or admit an interrogatory or request for admission; or (3) produce discoverable information, materials, or documents. *See generally* FED. R. CIV. P. 37. However, prior to moving to compel, a party must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Should the court determine the matters sought to be compelled fall within the scope of Rule 26, the motion shall be granted.

III

O'Laughlin moves to compel the production of "(1) Medical Administrative Records, and (2) patient demographics, insurance information, and statements, for all patients of all three identified clinics, for the period July 1, 2012 through December 31, 2016, that are in" the

Defendants' "custody or control[.]" [*Id.* at pg. 11]. Assuming he prevails, O'Laughlin also moves for an award of "reasonable attorneys' fees . . . for the preparation of [his] motion." [*Id.*].

Defendants oppose O'Laughlin's motion to compel. [R. 162]. In Defendants view, "the size of such a production" of discovery that O'Laughlin seeks is "not proportional to the needs of this case[.]" [*Id.* at pg. 10]. They "object not in principal [sic] to the production of the categories of documents that [O'Laughlin] seeks, but instead object to the volume of the documents and the manner in which [O'Laughlin] is selecting the documents." [*Id.* at pg. 1]. Therefore, Defendants propose to the Court (and to O'Laughlin before he filed his motion) that the parties utilize statistical analyses to produce relevant and reliable documents, all while cutting down producible discovery by thousands of pages.

In reply, however, O'Laughlin rejects Defendants' proposal. [R. 163]. In his view, O'Laughlin "needs to know *all* of the services provided to all patients at all three clinics, on *particular* days—so as to establish that there were insufficient physicians available on specific days to cover all of the services and all of the clinics." [*Id.* at pg. 2] (emphasis in original). Those particular days are: (1) everyday between February 2014 and June 2014; (2) every Thursday from 2012 through 2016; and (3) every period "that Dr. Kirti Jain was out of the United States." [*Id.*].

O'Laughlin's outright rejection of the use of statistical analyses is misplaced. Indeed, given "the large number of claims that can be submitted by a single entity to be reimbursed by Medicare, it is often not practicable to do a claim-by-claim review of each allegedly false claim in a complex FCA action." *United States v. Life Care Ctrs. of Am. (Life Care)*, 114 F. Supp.3d 549, 571 (E.D. Tenn. 2014). Instead, it's necessary to "us[e] statistical methods and a random sampling technique . . . in certain complex situations[.]" *United States v. Robinson*, No. 3:13-cv-27-GFVT-EBA, 2015 WL 1479396, at *11 (E.D. Ky. Mar. 31, 2015) (referencing *Mich. Dep't of Educ. v.*

*U.S. Dept. of Educ.*, 875 F.2d 1196, 1205 (6th Cir. 1989)). Contrary to his representation, O'Laughlin need not "present individual evidence on each one of the [countless] claims at issue," that "would be unreasonable, likely impossible, and a waste of resources." *Id.*; *see* [R. 163 at pgs. 1–2]. Rather, as Defendants propose, the parties should come to an agreement on a statistical method and sampling technique that will fit the needs of this case.

O'Laughlin doesn't explain why statistical analyses don't fit the needs of this case. Rather, he suggests that a sampling technique will be insufficient because he needs to review all patient activity for particular days, not just individual patient files, to "prove that false claims existed." [R. 163 at pg. 2]; [R. 158 at pg. 7] ("O'Laughlin requires *all* of the MARs for *all* patients for *all* three clinics for the same days, not some statistical sampling of patients allowing MARs for some patients on certain days to be omitted from the selection process—which is what the Defendant's [sic] proposal will allow.") (emphasis in original). However, Defendants' represent that their "statistician expert . . . has confirmed that there are methods to ascertain a statistically valid random sample of *either dates or encounters*, depending on how" O'Laughlin "would wish to frame [his] case." [R. 162 at pg. 6] (emphasis added); [R. 158 at pg. 4]. Moreover, in making his argument, O'Laughlin fails to account for the fact that he need not "present individual evidence on each one of the . . . claims at issue[.]" *Robinson*, 2015 WL 1479396, at *11. But there's no other reason to justify O'Laughlin's broad, cumbersome discovery request, so his motion is unavailing.

Still, the Court will grant O'Laughlin's motion to compel in a limited sense. Although the Court will not compel Defendants to produce documents subject to O'Laughlin's disproportionate parameters, *see generally* FED. R. CIV. P. 26(b)(1), Defendants are indeed obligated to produce MAR and patient demographic and insurance information—all of which is discoverable. *See* [R. 136 at pg. 13] (declining to grant Defendants' motion for protective order in

part because "the Court is not convinced that" patient demographics and insurance information are "not discoverable" and "[i]t is undisputed that MARs are discoverable in this case"). Thus, the Court will compel Defendants to produce such documents within the confines of a sound statistical method and sampling technique to which the parties agree.

The Court will deny O'Laughlin's accompanying motion for attorney fees for two reasons. *First*, it was O'Laughlin who delayed the production of relevant discovery by refusing to submit to reliable statistical analyses. And *second*, most importantly, O'Laughlin cited *no law* in support of his motion. *But see* LR 7.1(a).

V

Six years into discovery, O'Laughlin moves to compel discovery from Defendants. O'Laughlin's motion [R. 158] is GRANTED IN PART insofar as it seeks production of discoverable MAR and patient demographic and insurance information. Such discovery shall be produced within the confines of an appropriate statistical method and sampling technique subject to the parties agreement. O'Laughlin's motion is DENIED as to all other grounds.

IT IS SO ORDERED.

Signed May 19, 2023.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**