UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
Ashland Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* ROBERT C. O'LAUGHLIN, M.D.<br><br>PLAINTIFFS<br><br>v.<br><br>RADIATION THERAPY SERVICES, P.S.C., dba ASHLAND BELLEFONE CANCER CENTER, et al.<br><br>DEFENDANTS | ) | CIVIL ACTION NO. 0:16-CV-148-DLB |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties having jointly agreed to a Confidentiality and Protective Agreement ("Agreement"), and this Court being sufficiently advised of the Parties' Agreement, it is hereby ORDERED:

1. **Scope**. All documents and other information disclosed or exchanged during this litigation, including but not limited to information or documents produced in the course of discovery, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation**. A Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE AGREEMENT" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on the document in a manner that will not interfere with the

legibility of the document; provided, however, that such documents must not be publicly available, or already in the receiving Party's possession, custody, or control. The Parties must exercise good faith in designating documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE AGREEMENT" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Mass, indiscriminate, or routine designations of documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are discouraged. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE AGREEMENT prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE AGREEMENT" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any third party that produces documents in the litigation may designate the documents as Confidential Information, in accordance with this Order's procedures.

3. **Confidential Designations.** Documents that may be designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" are limited to those containing unredacted Protected Health Information, as such is indicated by the regulations under the Health Insurance Portability and Accountability Act , specifically 45 CFR §164.514.

4. **Depositions**. A Party may designate specified portions of deposition and hearing transcripts as "CONFIDENTIAL – SUBJECT TO PROTECTIVE AGREEMENT" or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by giving notice to the other Party, on the record or promptly after the deposition or hearing has concluded, or after transcripts are delivered and after opportunity for prompt review.

4. **Inadvertent Disclosure**. In the event a document containing Confidential Information is inadvertently produced or disclosed in this litigation without being appropriately designated, counsel may provide notice to the other Party and reproduce the document bearing the

appropriate designation for Confidential Information. The document shall thereafter be treated as Confidential Information, and the receiving Party will destroy any version of the document that lacks the designation.

5. **Protection of Confidential Material.** Confidential Information shall not be used or disclosed for any purpose whatsoever other than to assist counsel in their representation of the Parties in this litigation. Confidential Information shall not be disclosed to anyone other than the following persons:

A. Counsel for the Parties, and employees and agents of counsel;

B. The Parties, including the directors, officers, and such employees who are assisting in this matter and to whom disclosure is reasonably necessary, provided, however, that only counsel, may see Confidential Information that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," except in the event that the Party to whom it is to be shown is named in the confidential document or the patient to whom the document refers was a patient of the Party;

C. The Parties' former employees who are assisting in the matter, to whom disclosure is reasonably necessary, and who have agreed, in writing, to be bound to the terms of this Protective Agreement. In no circumstance may a former employee be permitted access to Confidential Information that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," except if it is redacted to remove the identity of the patient for which the document concerns;

D. The Court, and Court personnel responsible for administering the case;

E. Court reporters and recorders engaged for depositions and hearings;

F. Consultants, investigators, or experts employed by the Parties or their counsel to assist counsel in their representation of the Parties in this litigation, and only after such persons have executed written acknowledgment that they are bound by the terms of the Parties' Agreement and this Order.

G. Other persons by written consent of the Parties or order of the Court, and on such conditions as may be agreed or ordered, and only after such persons acknowledge in writing that they are bound by the terms of the Parties' Agreement and this Order.

6. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under the Parties' Agreement and this Order for a period of one year after the conclusion of this litigation.

7. **Filings that Contain Confidential Information.** In a brief, memorandum, or other filing of submission in the litigation reference Confidential Information, then the submission should be designated consistent with Paragraphs 2 and 3 of this Order. The Parties should take reasonable steps to avoid filings that contain confidential information and should instead utilize other measures, such as redaction, where practical.

8. **Challenges by a Party to Designation as Confidential.** A Party may challenge any designation of "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"; or of "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Before filing any objection or challenge to a confidentiality designation with the Court, the objecting party shall meet and confer with the designating Party in a good faith effort to resolve the objection by agreement. If the Court sustains the objection to a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER,"

then the document shall thereafter no longer be treated as so designated. If the Court sustains the objection to a designation of "CONFIDENTIAL – ATTORNEYS' EYE ONLY," then the document shall thereafter be treated as designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or treated as not designated as confidential, as the Court may hold.

9. **Obligations on Conclusion of Litigation.**

A. **Agreement Remains in Effect.** Unless otherwise ordered by this Court, the Parties' Agreement and this Order shall remain in force after this litigation is concluded.

B. **Return of Documents.** Within thirty days after the conclusion of this litigation, the Parties shall destroy Confidential Information or return Confidential Information to the producing Party.

10. **Inadvertent Production of Privileged Documents.** Any inadvertent disclosure or production by either Party of any document protected by privilege or the attorney work product doctrine ("Privileged Information") shall be governed by FRE 502, and shall not constitute, be construed as, or have the effect of, a waiver of such privilege or protection. Upon discovery of inadvertent disclosure of Privileged Information, the producing Party shall promptly notify all receiving Parties of said inadvertent production. Any receiving Party who has reasonable cause to believe it has received Privileged Information shall promptly notify the producing Party. Upon notice or actual knowledge of such inadvertent production, the receiving Party shall immediately gather and return all Privileged Information to the producing Party. If the Parties cannot agree to the claim of privilege, either Party may move the Court for a resolution, in which case the receiving Party will sequester the Privileged Information in question pending resolution by the Court.

11. **Use of Party's Own Information.** Nothing in this Order restricts a Party's use of its own Confidential Information.

12. **Agreement Subject to Modification.** This Agreement shall be subject to modification by Order of the Court, on a case by case basis for particular document by agreement of the Parties.

So ORDERED this ______ day of June, 2023.

Signed By:

______________________________
United States Magistrate Judge