**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 16-148-DLB-EBA**

**UNITED STATES OF AMERICA**
***ex rel.* ROBERT C. O'LAUGHLIN, M.D.** **PLAINTIFF**

**v.** **MEMORANDUM ORDER**

**RADIATION THERAPY SERVICES, P.S.C., et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

This matter is before the Court on Plaintiff-Relator Robert O'Laughlin's Motion for Reconsideration (Doc. # 142) asking the Court to reevaluate its Memorandum Opinion and Order entered on November 23, 2022 ("2022 Order") in which the Court granted in part and denied in part Defendants' Motion to Dismiss the Third Amended Complaint. (Doc. # 141). The Motion has been fully briefed and is now ripe for the Court's review. (Docs. # 149 and 151). For the reasons stated herein, O'Laughlin's Motion for Reconsideration is **denied**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter has a convoluted and lengthy procedural history. For the sake of brevity, the facts in this matter have been previously described, in detail, in this Court's October 20, 2020 Order ("2020 Order"). (Doc. # 76 at 1-5). By way of quick summary, Relator Robert O'Laughlin, M.D. brings this *qui tam* action on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, based on Defendants'

allegedly fraudulent misrepresentations to Medicare, Medicaid, and other federal programs regarding radiation oncology and chemotherapy services they provided. (Doc. # 124 at 1-2).

Relator O'Laughlin initiated this lawsuit on December 7, 2016. (Doc. # 1). Following a prior Joint Motion to Dismiss (Doc. # 50), Relator filed an Amended Complaint (Doc. # 53). Following this Court's Order addressing that motion to dismiss, Relator filed the Second Amended Complaint which faced a second motion to dismiss. (Docs. # 91 and 95). After holding a hearing on the matter, the Court allowed Relator to file the Third Amended Complaint which rendered the second motion to dismiss moot. (Docs. # 123 and 124). Defendants then filed a Motion to Dismiss the Third Amended Complaint (Doc. # 125) which this Court granted in part and denied in part. O'Laughlin now asks the Court to reconsider one point in its prior Order—the decision to dismiss Counts III and IV of the Third Amended Complaint.

## II. ANALYSIS

### A. Standard of Review

Although the Federal Rules of Civil Procedure do not specifically contemplate a motion to reconsider an interlocutory order, they recognize the Court's inherent power to "afford such relief from interlocutory orders as justice requires." *Horn v. City of Covington*, No. CV 14-73-DLB-CJS, 2019 WL 2344773, at *7 (E.D. Ky. June 3, 2019) (quoting *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004)); *see also* Fed. R. Civ. P. 54(b). The standard for a motion to reconsider under Rule 54(b), while very similar to the standard for a motion for relief from a judgment under Rule 59 or 60, is nonetheless more lenient. *Horn*, 2019 WL 2344773, at *7. "Traditionally,

courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Hazard Coal Corp. v. Am. Res. Corp.*, No. 6:20-CV-010-CHB, 2022 WL 18638743, at *3 (E.D. Ky. Sept. 9, 2022) (quotations omitted). "A motion to reconsider is not an opportunity to re-argue a case, and it cannot be used to present new arguments that could have been raised prior to judgment." *Sparks v. Fifth Third Mortg. Co.*, No. CV 5:17-450-KKC, 2019 WL 3287834, at *2 (E.D. Ky. July 22, 2019) (quotations and citations omitted).

O'Laughlin suggests that the Court misunderstood his arguments as they relate to Counts III and IV of the Third Amended Complaint, so the Court assumes he is arguing grounds of "clear error." (*See* Doc. # 142 at 2). To show a clear error or manifest injustice, O'Laughlin must show that the Court applied the wrong law to the case or "that there exist[s] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Hazard Coal Corp.*, 2022 WL 18638743, at *4 (quotations omitted).

O'Laughlin argues the Court erred by dismissing Counts III and IV of the Third Amended Complaint because O'Laughlin was relying "upon the fact that the Court had already ruled in his favor and against the Defendants in its Order of 2020." (Doc. # 142 at 3). O'Laughlin posits that his response to Defendants' Motion to Dismiss the Third Amended Complaint relied on the Court's 2020 Order (Doc. # 76), which addressed the motion to dismiss the initial Amended Complaint.[1] In his view, the Court's 2020 Order

[1] The Court notes that O'Laughlin is incorrect to claim that the Court "ruled in his favor" because the Court's 2020 Order rejected the idea that a radiation oncologist had to supervise services as opposed to any physician. (Doc. # 76 at 13).

addressing the Amended Complaint validated the claims in Counts III and IV of the Third Amended Complaint. The Court disagrees.

In his Motion for Reconsideration and for the first time, O'Laughlin relies on two separate parts of this Court's 2020 Order, neither of which are responsive to Defendants' third Motion to Dismiss. (Docs. # 142 at 3 and 151 at 2). First, O'Laughlin relies on the Court pointing out that the Medicare Benefit Policy Manual requires physician supervision of radiation oncology services, not specifically supervision by a radiation oncologist. (Doc. # 142 at 3). Second, he relies on the Court's finding that, in the Amended Complaint, he had alleged at least some of the radiation services at issue were not purely technical and rather required physician performance. (Doc. # 151 at 2). Unfortunately, O'Laughlin's reliance on the Court's 2020 Order is futile.[2]

As an initial matter, the Court notes that O'Laughlin did not meaningfully engage with the Court's 2020 Order in his response to the third Motion to Dismiss, he simply cited to it and asserted that he had corrected the noted deficiency. (Doc. # 131 at 17). As the Court noted in its 2022 Order that addressed the at issue Third Amended Complaint, O'Laughlin failed to meaningfully respond to Defendants' arguments about the codes listed in Counts III and IV and thus waived his opposition to them. (Doc. # 141 at 9). He cannot re-argue this issue because he received an undesirable outcome. *Sparks*, 2019 WL 3287834, at *2 ("A motion to reconsider is not an opportunity to re-argue a case, and it cannot be used to present new arguments that could have been raised prior to

[2] Furthermore, the Court is skeptical that its 2020 Order addressing the Amended Complaint, which is different from the Third Amended Complaint, can be relied on to wholesale refute arguments about the substance of the Third Amended Complaint without sufficient explanation when this matter has been through three versions of the Complaint and several motions to dismiss. (*See, e.g.,* Docs. # 1, 47, 53, 76, 91, 95, 97, 124, 125, and 141).

judgment.").

In their Motion to Dismiss, Defendants noted that only two of the codes listed in Counts III and IV are professional codes, and that those professional codes are for radiological interpretation, which does not require the physician to be on the premises. (Doc. # 125 at 19-20). In response, O'Laughlin simply stated that the Third Amended Complaint corrected the deficiency noted by the Court in its 2020 Order that a radiation oncologist need not supervise radiation oncology services and that any physician would be sufficient. (Doc. # 131 at 17). Indeed, O'Laughlin completely fails to make any mention of the disputed codes at all in the section of his response to the Motion to Dismiss addressing Counts III and IV. O'Laughlin instead argued "in a perfunctory manner, unaccompanied by some effort at developed argumentation," and thus the issue was waived because he left "the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (internal citations and quotations omitted). The Court refused to put flesh on the bones of O'Laughlin's arguments then, and again refuses to do so now.

For the sake of argument, the Court accepts that O'Laughlin alleges that *no physician supervised* the services listed in Counts III and IV, but that in no way responds to Defendants' arguments that the codes listed *did not require any supervision* by a physician nor require a physician to be at a specific location. It logically follows that if there is no professional component for the service listed, or no supervision requirement for the two specific codes argued by Defendants, then the physician's location is irrelevant as to those codes. O'Laughlin missed this train of logic and thus waived his argument. *See The Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-CV-552, 2014 WL 546016,

at *2 (S.D. Ohio Feb. 10, 2014) (denying a motion for reconsideration because "Defendants waived this argument by not raising it at the appropriate time."). In short, the Court did not misunderstand O'Laughlin's arguments, he simply failed to make them. Accordingly, the Court will not allow O'Laughlin a second bite at the apple to revive his claims.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. # 142) is **DENIED**.

This 11th day of July, 2023.

**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

K:\DATA\ORDERS\Ashland Civil\2016\16-148 MOO re MTR.docx