UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:16-CV-00148-ELB-EBA

UNITED STATES OF AMERICA, *ex rel.*,
ROBERT C. O'LAUGHLIN, M.D., PLAINTIFFS,

V. **ORDER**

RADIATION THERAPY SERVICES P.S.C., d/b/a/,
ASHLAND BELLEFONTE CANCER CENTER, *et al.*, DEFENDANTS.

*** *** *** ***

By prior order, the undersigned granted in part Defendants' motion to compel. [R. 175]. In that order, the undersigned directed O'Laughlin to "file his disclosure statement and *Touhy* request under seal and *ex parte* for *in camera* review." [*Id.* at pg. 20]; *see also* [*id.* at pgs. 11, 13–14]. O'Laughlin did so. [R. 178]; [R. 179]. Now, having reviewed the documents *in camera*, the undersigned concludes that a redacted version of the disclosure statement and an unredacted version of the *Touhy* request shall be produced.

*Disclosure Statement*

Both O'Laughlin and the United States averred that the disclosure statement was drafted in the form of a prosecution memorandum and contained factual statements that were inextricably intertwined with legal theories, opinions, and anticipated defense theories. In O'Laughlin's view, this protected the entire document from disclosure. *See* [R. 165]. The United States concurred, but also acknowledged that redaction might be appropriate. *See* [R. 164]. Now, having reviewed the disclosure statement *in camera*, the undersigned concludes that producing a redacted copy of the

disclosure statement is warranted.

O'Laughlin's disclosure statement resembles just that—a disclosure statement. That is, it begins with an introduction that provides the United States a basic synopsis of the claim, parties, and potential witnesses. Then it enumerates facts in support of the synopsis. And at the very end, O'Laughlin details anticipated defense theories and offers other legal analysis. Without doubt, those last pages constitute opinion work product. However, for the most part, the other twenty-seven-and-a-half pages are nothing more than fact work product. Still, there are a few occasions where O'Laughlin's recounting of facts is indeed intertwined with his legal opinion or mental impressions, or otherwise shines light on his theory of the case. The undersigned redacted such opinion work product.

Since the undersigned previously found that "the Defendants made a proper showing of substantial need and undue hardship," [R. 175 at pg. 11 n.6], a redacted version of the disclosure statement shall be produced and is attached as an exhibit to this order. [Ex. 1].

*Touhy Request*

In his response to Defendants' motion to compel, O'Laughlin argued that his *Touhy* request should be protected from disclosure because it includes "some . . . plans for developing his case." [R. 165 at pg. 16]; *see also* [R. 165-3 at pg. 5] ("It requests certain documents, and in support of these requests it describes Dr. O'Laughlin's strategy for pursuing the case."). The undersigned is unconvinced. Nothing in the *Touhy* request can rightly be described as opinion work product. It relays facts in support of the *Touhy* request, and not much else. Indeed, it includes "statements outlining the information sought, its nature, and its relevancy to litigation" and is akin to third-party discovery. [R. 175 at pg. 14]. The nearest the document comes to offering a glimpse into the mind of O'Laughlin's counsel is on its second page, where counsel explains that he intends to file numerous *Touhy* requests "in stages because [he does] not want to ask for material in advance only

to realize later that [he] will not need that material for the litigation." [R. 179 at pg. 2]. That's a far cry from "describ[ing] Dr. O'Laughlin's strategy for pursuing the case." [R. 165-3 at pg. 5]. Consequently, the undersigned need not analyze O'Laughlin's "common interest privilege" argument. *See* [R. 175 at pg. 14]; [R. 165 at pg. 16].

Moreover, Defendants satisfactorily demonstrated substantial need and undue hardship. As to substantial need, "given the wide-breadth of discovery in this action, the Defendants need at least *some* direction as to where to look[.]" [R. 175 at pg. 10]. And as to undue hardship, O'Laughlin's *Touhy* request describes with precision the very discovery he himself sought from the Centers for Medicare & Medicaid Services to prosecute his case. Given the length of the discovery period in this action, and the difficulty Defendants have faced in obtaining requested discovery from O'Laughlin, the undersigned concludes that the *Touhy* request's production is warranted. An unredacted version is attached as an exhibit to this order. [Ex. 2].

Accordingly, having sufficiently considered the matter,

IT IS ORDERED that a redacted version of O'Laughlin's disclosure statement and an unredacted version O'Laughlin's *Touhy* request shall be produced to Defendants. Both documents shall be attached to this order as exhibits.

Signed August 28, 2023.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**