# EXHIBIT NO. 3

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**Ashland Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **ROBERT C. O'LAUGHLIN, M.D.** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 0:16-CV-148-DLB** |
| **RADIATION THERAPY SERVICE, P.S.C., dba ASHLAND BELLEFONTE CANCER CENTER, et al.,** | ) | |
| **Defendants.** | ) | |

**RESPONSES AND OBJECTIONS OF RELATOR DR. ROBERT C. O'LAUGHLIN TO DEFENDANT ASHLAND BCC's [SECOND] FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Dr. Robert C. O'Laughlin ("Plaintiff" or "Dr. O'Laughlin"), through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure 26 and 34, hereby objects and responds to the Second "First" Request for Production of Documents by Defendant Radiation Therapy Services, P.S.C. d/b/a Ashland Bellefonte Cancer Center (the "Defendant" or Ashland BCC), as set forth below.[1]

These Responses are based upon Dr. O'Laughlin's present knowledge of the matters covered by the Defendant's document requests, and his best efforts to identify the documents responsive to those requests. Dr. O'Laughlin's reserves the right to supplement and amend the documents identified herein as he may become aware of addition responsive materials under the

[1] Dr. O'Laughlin notes that, contrary to the caption of this set of the Defendants' Request for Production Documents, this is actually the Defendant's *second* such request. The first request was served on the Relator on or about September 26, 2021; and the Relator served his responses on October 15, 2021.

Defendant's document request.

**General Objections Applicable to Requests**

1. Dr. O'Laughlin objects to the Requests for Production of Documents ("Requests") of the Defendant (including the accompanying definitions and instructions) to the extent that the Requests seek documents that: were prepared in anticipation of litigation; constitute attorney work product; disclose the mental impressions, conclusions, opinions or legal theories of any attorneys for Dr. O'Laughlin; contain privileged attorney-client communications; or are otherwise protected from disclosure under applicable privileges, laws or rules.

2. Dr. O'Laughlin objects to the Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

3. Dr. O'Laughlin objects to the Requests to the extent that they are vague, ambiguous, overbroad, oppressive, or unduly burdensome.

4. Dr. O'Laughlin objects to the Requests to the extent that they are not related to the time period and subject matter at issue in this litigation.

5. Dr. O'Laughlin reserves the right to object to the admissibility of any portion of the documents produced in response to the Requests at any hearing or trial in this action.

6. Dr. O'Laughlin submits these responses without conceding the relevancy or materiality of the subject matter of any Request for production.

7. Dr. O'Laughlin objects to the Requests to the extent that they are unauthorized by the Federal Rules of Civil Procedure and the Local Rules of this Court.

8. Dr. O'Laughlin objects to the definitions and instructions contained in the Requests to the extent that they call for the discovery of attorney work product and to the extent that it seeks to discover information subject to the attorney-client privilege.

9. Dr. O'Laughlin objects to the definitions and instructions contained in the Requests Instructions on the grounds that they seek to shift the burden of serving unambiguous interrogatories onto Dr. O'Laughlin. The Defendant is required to serve unambiguous interrogatories and, having failed to do so, Defendants cannot require Dr. O'Laughlin to respond to an unambiguous or vague request; or require him to "interpret" which of competing interpretations of an ambiguous or vague request applies.

10. To the extent that a request calls for the production of publicly available regulations, manuals, statutes, or any other laws or guidance materials, Dr. O'Laughlin reserves the right to use and introduce any such material that he may have in his possession now, or any such material that he may subsequently come into possession, regardless of whether or not he now produces it.

**ANSWERS**

Without waiving the foregoing objections, Plaintiff responds and specifically objects to the Defendant's First Request for Production of Documents.

**REQUEST NO. 1:** *Please produce any and all documents or other items obtained and/or retained by the Relator which in any way relate to the allegation contained in the Preliminary Statement of the Third Amended Complaint that the "Defendants presented claims for payment for radiation oncology services, falsely and fraudulently representing that the services were provided under the direct or personal supervision of physicians."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 2:** *Please produce any and all documents or other items obtained and/or retained by the Relator which in any way relate to the allegation contained in the Preliminary Statement of the Third Amended Complaint that the "Defendants presented claims for payment for radiation oncology services, falsely and fraudulently representing that the services were...personally performed by qualified physicians identified in those claims."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O’Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O’Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 3:** *Please produce any and all documents or other items obtained and/or retained by the Relator which in any way relate to the allegation contained in the Preliminary Statement of the Third Amended Complaint that the Defendants submitted claims for radiation oncology services when "physicians were not even present on the premises."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 4:** *Please produce any and all documents or other items obtained and/or retained by the Relator which in any way relate to the allegation contained in the Preliminary Statement of the Third Amended Complaint that the Defendants submitted claims for chemotherapy services when "physicians were not even present on the premises when the chemotherapy services were provided."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 5:** *Please produce any and all documents or other items which in any way relate to the definitions used by the Relator in Paragraph 29 of the Third Amended Complaint, or any documents used by the Relator in defining the terms in Paragraph 29 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason and will not produce any such material.

**REQUEST NO. 6**: *Please produce any and all documents or other items which in any way relate to Table II in Paragraph 33 of the Third Amended Complaint, or any documents used by the Relator in delineating technical and professional components in the CPT code listed in Table*

*II, or otherwise used by the Relator in creating Table II in Paragraph 33 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason and will not produce any such material. Notwithstanding the aforementioned objections, Dr. O'Laughlin refers the Defendant to footnote 9 of his Opposition to the Joint Motion of the Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 131).

**REQUEST NO. 7:** *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraph 38 of the Third Amended Complaint that "The level of supervision required by CMS in free-standing facilities, such as Ashland BCC, Highland CC, and Logan CC, is stricter that that required by CMS in a hospital setting."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason and will not produce any such material. Notwithstanding the aforementioned objections, Dr. O'Laughlin refers the Defendant to Pages 8 and 9 of his Opposition to the Joint Motion of the Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 131).

**REQUEST NO. 8**: *Please produce any and all clinical or billing records of any of the Defendants in this matter which are in your possession, custody or control. In the interest of clarity, this Request is not meant to encompass clinical or billing records that were produced by any of the Defendants to you in response to any discovery request propounded by you in this matter. Instead, it is meant to solely request the items within your possession, custody or control through means other than the Defendants' document productions.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 9**: *Please produce any and all communications discussing, or in any way relevant to, any of the facts supporting your claims in this matter in which any of the Defendants in this matter are or were a party to the communication which are in your possession, custody or control.*

**ANSWER:** Dr. O'Laughlin objects to this request to the extent that it calls for the production of work-product protected material. A privilege log was previously provided that identified this material.

**REQUEST NO. 10**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraph 40 of the Third Amended Complaint that when creating claims, "A One Biz `scrubbed' or manipulated the information (on the claim) for the purpose of insuring that the claim would pass review by the carriers, the MACs, and other insurance contractors regardless of whether the information provided by the clinics to A One Biz was accurate, truthful, complete, or misleading" and that "Kirti K. Jain and Manish Jain purposefully arranged for such scrubbing."*

**ANSWER:** Dr. O'Laughlin objects to this request to the extent that it calls for the production of interview memoranda that is work-product protected material. A privilege log is being provided that will identify this material.

**REQUEST NO. 11**: Please produce the documents that you reference in Paragraph 44 of the Complaint, when you state that "Dr. O'Laughlin has possession of enough information from these schedules, in both computer print-outs and handwritten forms, provided to him by clinic personnel prior to the date on which he filed his initial complaint in this case, as well as his own personal knowledge of his own patients and schedules, to make the relevant allegations as to the presence or non-presence of physicians at clinics set forth in this Complaint."

**ANSWER:** Dr. O'Laughlin has produced and will reproduce this material.

**REQUEST NO. 12**: *Please produce the documents that you reference in Paragraph 46 of the Complaint, when you state that "Dr. O'Laughlin has possession of sufficient records, in the form of computer print-outs, [sic] provided to him by clinic personnel prior to the date on which he filed his initial complaint in this case, as well as personal knowledge of his own patients and schedules, to make the relevant allegations set forth in this Complaint as to services and treatments provided to patients on specific days; and the billing to, and payments received from [sic] insurance providers for those services and treatments provided to such patients."*

**ANSWER:** Dr. O'Laughlin has produced and will reproduce this material.

**REQUEST NO. 13**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraphs 50 and 51 of the Third Amended Complaint that the Defendants billed for radiation oncology services when such services "were*

*not provided...by any physician qualified to perform radiation oncology services."*

**ANSWER:** Dr. O'Laughlin has produced and will reproduce this material.

**REQUEST NO. 14**: *Please produce any and all documents or other items which you believe establishes, describes, or otherwise enumerates a physician's qualifications to perform radiation oncology services as referenced in Paragraphs 50 and 51 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin refers the Defendant to the following: pages 14 - 17 of his Opposition to the Joint Motion of the Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 131).

**REQUEST NO. 15**: *Please produce any and all documents or other items which you believe establishes, describes, or otherwise enumerates the physician qualifications referenced in Paragraph 64 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin refers the Defendant to the following: pages 14 - 17 of his Opposition to the Joint Motion of the Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 131).

**REQUEST NO. 16**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraphs 70 and 71 of the Third Amended Complaint that the Defendants "knowingly and willfully made and used, and caused to be made and used, false records and statements material to...false and fraudulent claims" for radiation oncology services.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 17**: *Please produce any documents in your possession that you purport to be the "false records" you reference in Paragraph 72 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 18**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraph 78 of the Third Amended Complaint that "the Defendants presented claims to the Federal Programs for radiation oncology services supposedly provided to patients by physicians who were, in fact, not present in the facilities where these services were supposedly rendered."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 19**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegations in Paragraphs 79 and 80 of the Third Amended Complaint that the Defendants submitted claims that "were false, being so on their face, in that they stated that a physician provided or supervised services, including the technical component of these services when in fact...no physician was on the premises where and when these services were provided."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O’Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 20**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraphs 112 and 113 of the Third Amended 14 Complaint that the Defendants "knowingly and willfully made and used, and caused to be made and used, false records and statements material to...false and fraudulent claims" for services when no "physician was on the premises or scheduled to be in the facility where these services were provided, or available to provide personal or direct supervision."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was $16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 21**: *Please produce any documents in your possession that you purport to be the "false records" you reference in Paragraph 114 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin provides the following response.

The complete identification of the false records to be introduced at trial will be provided at the completion of discovery. Dr. O'Laughlin refers the Defendant to Tables VIII through XII in his Third Amended Complaint.

**REQUEST NO. 22**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraph 121 of the Third Amended Complaint that "the Defendants presented claims to the Federal Programs stating and otherwise representing that services included in these claims had been provided to patients by physicians, [sic] whereas, in truth and in fact, such services had been provided by NPPs, and been neither provided by nor directly or personally supervised by physicians."*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following:

(1) Material taken or provided to Dr. O'Laughlin during his employment with the Defendants (some of this material has been previously provided to Defendants pursuant to prior discovery requests);

(2) Material obtained from the Kentucky Medicare Program pursuant to subpoena;

(3) Material provided by the Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group of CMS, for a subpoena served on CGS; and

(4) Material provided by WellCare, pursuant to a subpoena.

In addition, and as previously explained, Dr. O'Laughlin has obtained an encrypted hard drive of CMS data for Kirti K. Jain and Robert C. O'Laughlin. The cost of this material was

$16,000. The Relator objects to the production of this material unless the Defendants compensate the Relator for one-half of this expense. Further, pursuant to the restrictions of the Data Use Agreement between the Relator and CMS, the Defendant's need to obtain CMS's authorization or a court order in order for Dr. O'Laughlin to disclose the data on the disk inasmuch as it contains HIPAA protected information.

**REQUEST NO. 23**: *Please produce any documents in your possession that you purport to be the "false records" you reference in Paragraph 165 of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason. Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin provides the following response.

The complete identification of the false records to be introduced at trial will be provided at the completion of discovery. Dr. O'Laughlin refers the Defendant to Tables XII through XVI, in his Third Amended Complaint.

**REQUEST NO. 24**: *Please produce any and all documents or other items which in any way relate to or otherwise support the allegation in Paragraph 179 of the Third Amended Complaint that the Defendants presented claims that "were false and fraudulent, in that they represented by implications that the required documentation [for simulation procedures] had been prepared by the treating physician and was maintained by the Defendants" when such documentation was not prepared and/or maintained, and/or was otherwise insufficient.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Notwithstanding the aforesaid and without waiving his objections herein, Dr. O'Laughlin will provide the following the following: text messages concerning IGRT films from Highlands Cancer Center.

**REQUEST NO. 25**: *Please produce any and all documents or other items which in any way relate to or otherwise support the existence of the conspiracy alleged in Count VIII of the Third Amended Complaint.*

**ANSWER:** This request seeks documentary material that is equally available to both Dr. O'Laughlin and to the Defendant. Dr. O'Laughlin objects to this request for this reason.

Also, this request seeks information obtained by Dr. O'Laughlin's attorneys from Dr. O'Laughlin and an interview with a former employee of the defendants, and included in memoranda provided to the U.S. Department of Justice and the U.S. Attorney's Office of the Eastern District of Kentucky; and is subject to the Work Product Doctrine and the Joint Litigation Doctrine. For these reasons, Dr. O'Laughlin objects to this request and will not produce such information at this time.

**REQUEST NO. 26**: *Please produce a copy of each and every subpoena duces tecum served upon any non-party in relation to any of the allegations involved in this case. In the interest of clarity, "non-parties" as used in this Request includes, but certainly is not limited to, any person that was formerly a party to this action but has been dismissed (such as Logan Oncology Care Associates, LLC).*

**ANSWER:** Dr. O'Laughin is producing these materials.

**REQUEST NO. 27**: *Please produce any and all communications that relate, in any way, to the allegations of the Third Amended Complaint between yourself and any of the following entities: (i) the Kentucky Department of Medicaid Services; (ii) the Centers for Medicare & Medicaid Services; (iii) WellCare Health Insurance Company of Illinois, Inc. d/b/a WellCare of*

*Kentucky, Inc.; (iv) the Bureau of Medical Services, administered by the West Virginia Department of Health and Human Resources; (v) United Healthcare; (vi) Humana Military; (vii) Health Net; (viii) Humana MCR (which is allegedly also known as "Humana Gold Choice"); (ix) any and all Contractors (as that term is defined in the Third Amended Complaint) listed in any Table included in the Third Amended Complaint; (x) Logan Oncology Care Associates, LLC; and (xi) Logan-Williamson Oncology, LLC.*

**ANSWER:** Dr. O'Laughlin responds as follows:

(i). Kentucky Department of Medicaid Services: This request seeks communications that are protected by the Work Product and Joint Litigations Doctrines and Dr. O'Laughlin asserts these doctrines and is producing no such communications;

(ii) Centers for Medicare and Medicaid Services: This request seeks communications that are protected by the Work Product and Joint Litigations Doctrines and Dr. O'Laughlin asserts these doctrines and is producing no such communications;

(iii) WellCare: This request seeks communications that are protected by the Work Product and Joint Litigations Doctrines and Dr. O'Laughlin asserts these doctrines and is producing no such communications;

(iv) Bureau of Medical Services (West Virginia): This request seeks communications that are protected by the Work Product and Joint Litigations Doctrines and Dr. O'Laughlin asserts these doctrines and is producing no such communications;

(v) United Healthcare: Dr. O'Laughlin has no such communications;

(vi) Humana Military: Dr. O'Laughlin has no such communications;

(vii) Health Net: Dr. O'Laughlin has no such communications;

(viii) Humana MCR: This request seeks communications that are protected by the Work Product and Joint Litigations Doctrines and Dr. O'Laughlin asserts these doctrines and is producing no such communications;

(ix) See items (i - viii), above;

(x) Logan Oncology Care Associates, LLC: To the extent that Dr. O'Laughlin has any such communications, he will produce them; and

(xi) Logan-Williamson Oncology, LLC: To the extent that Dr. O'Laughlin has any such communications, he will produce them.

**REQUEST NO. 28:** Please produce each and every document you have received from non-parties through subpoenas duces tecum or through any other form of communication in which you requested documents relevant to this action. In the interest of clarity, this Request defines "non-parties" as including any person that was formerly a party to this action but has been dismissed (such as Logan Oncology Care Associates, LLC).

**ANSWER TO REQUEST NO. 28**: Dr. O'Laughin is producing these materials.

Attorney for Plaintiff-Relator:

*/s/ Andrew Grosso*
Andrew Grosso, Esq.
Agrosso@acm.org
Pro Hac Vice (DC Bar No. 358326)
Andrew Grosso & Associates
1101 Thirtieth Street NW, Suite 500
Washington, D.C. 20007

**CERTIFICATE OF SERVICE**

I hereby certify on December 19, 2022, the foregoing was electronically to all counsel of record by electronic mail, pursuant to agreement among the parties.

By: /s/ Andrew Grosso
Andrew Grosso, Esq. (D.C Bar No. 358326)