# EXHIBIT NO. 18

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**Ashland Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **ROBERT C. O'LAUGHLIN, M.D.** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 0:16-CV-148-DLB** |
| **RADIATION THERAPY SERVICE, P.S.C., dba ASHLAND BELLEFONTE CANCER CENTER, et al.,** | ) | |
| **Defendants.** | ) | |

**RESPONSES AND OBJECTIONS OF RELATOR DR. ROBERT C. O'LAUGHLIN TO THE FOURTH SET OF INTERROGATORIES OF THE DEFENDANT RADIATION THERAPY SERVICES, P.S.C. D/B/A ASHLAND BELLEFONTE CANCER CENTER**

Dr. Robert C. O'Laughlin ("Plaintiff" or "Dr. O'Laughlin"), through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure 26 and 33, hereby objects and responds to the first set of Interrogatories by Defendant Radiation Therapy Services, P.S.C. d/b/a Ashland Bellefonte Cancer Center (the "Defendant" or 'Ashland BCC"), as set forth below.

These Responses are based upon Dr. O'Laughlin's present knowledge of the matters covered by the Defendant's interrogatories, and his best efforts to answer these interrogatories. Dr. O'Laughlin's reserves the right to supplement and amend his answers to these interrogatories as he may become aware of addition responsive information.

**General Objections Applicable to Interrogatories**

1. Dr. O'Laughlin objects to the first set of Interrogatories ("Interrogatories") of the Defendant (including the accompanying definitions and instructions) to the extent that the Interrogatories seek answers that: were prepared in anticipation of litigation; constitute attorney

work product, disclose the mental impressions, conclusions, opinions or legal theories of any attorneys for Plaintiff, contain privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws or rules.

2. Dr. O'Laughlin objects to the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

3. Dr. O'Laughlin objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, oppressive, or unduly burdensome.

4. Dr. O'Laughlin objects to the Interrogatories to the extent that they are not related to the time period and subject matter at issue in this litigation.

5. Dr. O'Laughlin reserves the right to object to the admissibility of any portion of his answers produced in response to the Interrogatories at any hearing or trial in this action.

6. Dr. O'Laughlin submits these responses without conceding the relevancy or materiality of the subject matter of any Interrogatory.

7. Dr. O'Laughlin objects to the Interrogatories to the extent that they are unauthorized by the Federal Rules of Civil Procedure and the Local Rules of this Court.

8. Dr. O'Laughlin objects to the definitions and instructions contained in the Interrogatories Instructions on the grounds that they seek to shift the burden of serving unambiguous interrogatories onto Dr. O'Laughlin. The Defendant is required to serve unambiguous interrogatories and, having failed to do so, Defendants cannot require Dr. O'Laughlin to respond to an unambiguous or vague interrogatory; or require him to "interpret" which of competing interpretations of an ambiguous or vague interrogatory applies.

9. To the extent that interrogatory calls for the production of publicly available information, Dr. O'Laughlin reserves the right to use and introduce any such information that he

may have in his possession now, or any such information that he may subsequently come into possession, regardless of whether or not he now produces it.

**ANSWERS**

Without waiving the foregoing objections, Plaintiff responds and specifically objects to the Defendant's first set of Interrogatories.

***INTERROGATORY 22:*** *Identify each and every claim that you believe was fraudulently submitted for services provided at ABCC. For each claim, include the claim number; date of service; relevant payor(s); CPT code; amount(s) billed by ABCC; and amount(s) paid by the relevant payor(s).*

**ANSWER TO INTERROGATORY NO. 22:**

Discovery closed today, December 22, 2023. The last two depositions occurred this past week, with an additional five depositions having occurred the previous week. The Defendants provided some five thousand pages of documents on December 6, 2023. With the additional information obtained from these depositions and this document production to supplement that information that was already in his possession, Dr. O'Laughlin will identify specific false claims that he will pursue to trial. These claims will be provided to the Defendants on a rolling basis in the coming weeks.

In summary, Dr. O'Laughlin intends to pursue four categories of false claims for which the Defendants falsely and fraudulently billed the Medicare program, the Kentucky Medicaid program or both, directly and indirectly, pursuant to the "incident to provisions" for Medicare and similar provisions for Medicaid. Dr. O'Laughlin will identify these claims by patient, date, service (using CPT codes), amounts billed and amounts paid by the relevant payor, for those he alleges there was no physician present, at either the Ashland Bellafonte Cancer Center (Ashland BCC), the Highlands Cancer Center (Highlands CC), or both. These categories of claims are:

(1) Claims for services at both Ashland and Highlands during weekdays for the periods December 27, 2013 - January 5, 2014; February 5 - May 11, 2014; May 22 - June 9, 2014; and June 26 - June 30, 2014.

(2) Claims for services during the period July 1, 2012 through December 31, 2016, for Thursdays at Highlands for when there was no physician on the premises.

(3) Claims for services during the period July 1, 2012 through December 31, 2016 for Thursdays at Ashland during the time period of 12:00 p.m. through 1:00 p.m. for when there was no physician on the premises, or no nurse practitioner on the premises, or neither on the premises.

(4) Claims for services on weekends during the period July 1, 2012 through December 31, 2016, at both Ashland and Highlands, for when there was no physician on the premises, or no nurse practitioner on the premises, or neither on the premises.

Both damages and penalties will be calculated and provided.

***INTERROGATORY 23:*** *Describe in detail the basis upon which you contend that subcutaneous injections of leukine constitute chemotherapy administration services.*

**ANSWER TO INTERROGATORY NO. 23:** Chemotherapy drugs may cause a decrease in the immune fighting blood cells in the body, reducing the ability of the body to fight infections. Leukine has the effect of increasing these same blood cells, improving the ability of the body to fight infections. Leukine is administered to patients receiving chemotherapy drugs in order to protect these patients from the effects of a decrease in the body's immune system caused by chemotherapy drugs, and from infections cause by these effects; and to permit the patient to continue to undergo chemotherapy despite the adverse effect on the body's immune system induced by chemotherapy drugs.

***INTERROGATORY 24:*** *What do you allege as the damage calculation in this case? In answering this Interrogatory, please provide the amount of damages as well as the method you use to calculate the damage amount.*

**ANSWER TO INTERROGATORY NO 24:** Dr. O'Laughlin adopts his Answer to Interrogatory No. 21.

Attorney for Plaintiff-Relator:

*/s/ Andrew Grosso*
Andrew Grosso, Esq.
Agrosso@acm.org
Pro Hac Vice (DC Bar No. 358326)
Andrew Grosso & Associates
1101 Thirtieth Street NW, Suite 500
Washington, D.C. 20007

**CERTIFICATE OF SERVICE**

I hereby certify on December 22, 2023, the foregoing was electronically to all counsel of record by electronic mail, pursuant to agreement among the parties.

By: /s/ Andrew Grosso
Andrew Grosso, Esq. (D.C Bar No. 358326)