# EXHIBIT NO. 20

# ANDREW GROSSO, ESQ.

**ANDREW GROSSO & ASSOCIATES**

**GEORGETOWN PLACE**
**1101 THIRTIETH STREET NW, SUITE 500**
**WASHINGTON, D.C. 20007**
**www.GrossoLaw.com**

**Tel: (202) 298-6500**
**Email: Agrosso@acm.org**

**Admitted: Florida**
**District of Columbia, New York**


August 27, 2021

Lauren Kuley, Esq.
Squire Patton Boggs
201 E. Fourth Street, Suite 1900
Cincinnati, Ohio 45202

**Re: *United States ex rel. O'Laughlin v. Radiation Therapy Services, P.S.C., et al.***
**By: Email Only (lauren.kuley@squirepb.com)**

Dear Ms. Kuley:

I represent Robert C. O'Laughlin, M.D., the Plaintiff and Relator in the above caption *qui tam* lawsuit pending in the Eastern District of Kentucky. I write to inquire as to the most efficient and expeditious ways to obtain from your client, WellCare, certain documentary and testimonial evidence that is relevant to Dr. O'Laughlin's case. A copy of the Second Amended Complaint accompanies this letter.

## I. Documents

The Complaint focuses on three allegations related to improper billing of federal health care programs: (1) failure to properly supervise the provision of radiation therapy services (Counts I through IV); billing for chemotherapy treatments as if provided by medical doctors that were, instead, provided by nurses (Counts V and VI); and (3) provision of improperly supervised simulation services, and doing so without proper documentation (Count VII).

Given the material that I presently have, I estimate that approximately one-fifth of the patients treated by the three cancer centers (the "Centers") who are the defendants had as their primary or secondary health insurance a Medicare Plan administered by or through WellCare of Kentucky. The billing was done through a Florida company known as A One Biz Solutions, LLC ("A One Biz"), which is also a defendant. Discovery provided by the defendants to-date has been minimal, and I anticipate significant motion practice with little guarantee that the complete universe of patient information (particularly regarding billing) will be forthcoming

regardless of the outcome of that motion practice. This is one reason why am reaching out to your client for documentary evidence.

As you may be aware, the federal False Claims Act provides for penalties for each false claim, and each false statement in a false claim. These penalties are significant, presently ranging between $11,803 and $23,607. Thus, I am interested in claims and numbers regardless of the magnitude of the charges resulting from these claims and statements.

The documents that I am seeking fall into the following categories and subcategories:

**First:** All agreements that WellCare has held with the defendants for billing and payments related to the plans under the Medicare and Medicaid programs,

**Second:** Documentation demonstrating that claims submitted by the defendants were paid by or through WellCare, to the defendants, pursuant to these plans and programs; and that the funds used to make these payments were provided, in whole or in part, directly or indirectly, by the Centers for Medicare and Medicaid Services ("CMS") or otherwise from the U.S. Treasury.

**Third:** Copies of guidance manuals and instructions provided by WellCare to facilities and practitioners who routinely provide radiation therapy and chemotherapy services regarding the billing requirements for these services; and any documentation that you may have that demonstrates that these materials were sent to any of these defendants.

**Fourth:** The claims submitted by the defendants demanding payment for services provided to patients covered by WellCare's federal health insurance plans (Medicare and Medicaid). For all such claims, I am seeking the dates of the services and the submission of the claims; the dollar amounts for the services; and the dollar amounts of the payments made for those services.

With regard to the fourth category, I am specifically looking for:

**(a) Chemotherapy Claims** that state the nature of the services provided (by CPT or HTPC codes, or in English; as well as statements as to who provided these services;

**(b) Simulation Claims** that state the type of simulation service provided; plus, statements as to who provided or supervised the services, and whether or not documentation supporting the provision of the services were maintained or provided.

**(c) Radiation Therapy Claims** that state the nature of the services provided; as well as statements as to who provided these services, and where (in what facility) they were provided.

I will serve a subpoena on WellCare seeking these documents, doing so through you if your client consents.

## II. Testimony

I will need to accomplish two things with testimony that cannot be accomplished with documents. These are:

**Fifth:** An explanation as to how the federal health insurance programs operate, and specifically how WellCare administers its federally funded health insurance plans.

**Sixth:** The materiality or significance of various elements that we have alleged were false or misleading statements (explicit or implied) in the claims submitted by the defendants, that is, the bearing that these statements may have had on WellCare decision to make payments in full or in part to the defendants or to any entity that submitted claims for the same services.

Among these elements are:

(a) Whether the fact that a person other than a medical doctor provided a **chemotherapy service** would result in a lower reimbursement amount than if the same service was provided by a medical doctor.

(b) Whether the fact that document supporting the provision of **simulation services** was not maintained by the providing physician or facility would affect the decision to make payments to that providing entity.

(c) Whether the fact that **radiation therapy services** (as opposed to radiation diagnostic services) or **simulation services** were provided without a qualified radiation oncologist being present to provide supervision would affect the decision to make payments to the providing or supervising entity.

I am interested in obtaining this information in one of three ways, in order of preference: (1) by designating an appropriate WellCare person as an expert witness; (2) by taking a Rule 30(b)(6) deposition of such a person; or (3) by means of an affidavit by such a person.

Thank you for your consideration of these requests, and I look forward to hearing from you about this matter.

Sincerely,

Andrew Grosso
*Counsel for Dr. Robert O'Laughlin*

cc: Carrie Pond, AUSA
Mark D. Rasch, Esq.
Stephen J. Bagge, Esq.
Ronald Jarvis, Esq.